## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : | |
| | : | CIVIL ACTION FILE NO. |
| | : | 3:24-CV-02551-L |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| FOLSOM INSURANCE AGENCY LLC, | : | |
| CODY FOLSOM, and BERKSHIRE | : | |
| HATHAWAY HOMESTATE COMPANIES | : | |
| | : | |
| Defendants. | | |

**MOTION AND BRIEF IN SUPPORT OF MOTION
TO COMPEL FOLSOM INSURANCE AGENCY LLC
<u>TO PROVIDE DISCOVERY RESPONSES</u>**

**Contents**

INTRODUCTION ............................................................................................................... 4

BACKGROUND ................................................................................................................. 4

STANDARD....................................................................................................................... 7

ARGUMENT..................................................................................................................... 8

    1.   Folsom's Responses Should Be Compelled Because Its Contention It Did Not Place Calls is Contradicted by the Law and Discovery Produced in this Case by Third Parties. ................. 8

    2.   Folsom's Responses Should Be Compelled Because It Has Not Met Its Burden For Demonstrating a Reason For Nonproduction of Classwide Data. ............................................ 11

    3.   The Requests are Also Relevant to the Damages Analysis in this Case........................... 14

CONCLUSION.................................................................................................................. 16

CERTIFICATE OF CONFERENCE.................................................................................. 16

CERTIFICATE OF SERVICE .......................................................................................... 17

## CASES

*Ahmad v. Old Republic Nat'l. Title Ins. Co*, 690 F.3d 698 (5th Cir. 2012) ................................. 11

*Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020) ............................................... 5

*Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614 (S.D. Cal. 2015) ............................ 5

*Bratcher v. Navient Sols., Inc.,* No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015 (M.D. Fla. Mar. 2, 2017) .................................................................................................... 15

*Cruz v. Estelle*, 497 F.2d 496 (5th Cir. 1974) ................................................................................ 12

*Dickson v. Direct Energy, LP*, 69 F.4th 338 (6th Cir. 2023) ........................................................ 10

*Duron v. Costco Wholesale Corp.*, No. EP-23-CV-00324-KC-MAT, 2024 WL 3730278 (W.D. Tex. Aug. 7, 2024) ..................................................................................................... 11

*Eisenband v. Starion Energy, Inc.*, No. 17-80195-CIV, 2017 WL 4685266 (S.D. Fla. Oct. 17, 2017) ......................................................................................................................... 10

*Hickman v. Taylor*, 329 U.S. 495 (1947) ......................................................................................... 7

*In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, No. 5:11-CV-90, 2014 WL 316476 (N.D.W. Va. Jan. 28, 2014) ..................................................................................... 14

*In re Santa Fe Int'l Corp.*, 272 F.3d 705 (5th Cir. 2001) ............................................................. 11

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) ........... 8, 11

*Merrill v. Waffle House, Inc.*, 227 F.R.D. 475 (N.D. Tex. 2005) ................................................... 8

*Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149 (5th Cir. 1977)............................ 12

*Rowan v. Pierce*, No. CV 20-1648 (RAM), 2023 WL 5672575 (D.P.R. Sept. 1, 2023) .............. 10

*S.E.C. v. Brady*, 238 F.R.D. 429 (N.D. Tex. 2006) ........................................................................ 8

*Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237 (S.D. Fla. 2019).......................... 10, 11

*Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-CV-60035-BB, 2018 WL 8130559 (S.D. Fla. July 26, 2018).................................................................................................................. 10

*Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403 (N.D. Tex. Jan. 21, 2022) ............................................................................................................................. 9, 12, 13

*Susinno v. Work Out World Inc.*, 862 F.3d (3d Cir. 2017) ........................................................... 10

## STATUTES

47 U.S.C. § 227(c)(5).......................................................................................................................... 14

Fed. R. Civ. P. 26(b)(1)........................................................................................................................ 8

**INTRODUCTION**

Discovery in this matter has revealed that Folsom Insurance Agency LLC sent prerecorded calls to voicemail boxes of the Plaintiff and other class members in violation of the TCPA's prohibition against the same and Folsom has not produced any evidence that it had the recipients' permission to send such messages. Despite this fact, Defendant Folsom claims that, because it intended to send voicemail messages to the numbers, it did not "call" Plaintiff or any class member, and has therefore refused to respond to discovery regarding consent, damages, and a listing of calls. Defendant identifies a distinction without a difference in an effort to escape production of highly-relevant documents, including the list of calls that took place sufficient to identify the calls Plaintiff received as well as those for other class members. Indeed, the facetiousness of this distinction is belied by the subpoena response of Folsom's vendor that provided the platform for sending the calls, as they responded to substantively similar requests for "calls" by providing the voicemail messages sent to the Plaintiff. However, the Plaintiff requires all such communications to putative class members so he may prepare an expert report and be ready to proceed to class certification and trial. For the reasons that follow, the documents are relevant and proportional to the needs of the case and fulsome responses to this interrogatory and request for production should be compelled by the Court.

**BACKGROUND**

As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone

Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343

(2020). "In the context of the TCPA, the class action device likely is the optimal means of

forcing corporations to internalize the social costs of their actions." *Bee, Denning, Inc. v.*

*Capital Alliance Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (certifying two Classes under the

TCPA).

      In this lawsuit, Mr. Bond has alleged that Folsom sent multiple calls to his cell phone.

Those calls left pre-recorded messages on his voicemail in violation of the TCPA. Third Party

discovery from the telephone service provider Defendant hired to place the calls, attached herein

as Exhibit A, has confirmed that Mr. Bond received the same. Due to the *en masse* nature of

telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone
> number or other number for which they are charged for the call (2) Defendants (or an
> agent acting on behalf of Defendants) placed a telemarketing call (3) within the four
> years prior to the filing of the Complaint (4) using an identical or substantially similar
> pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior
> to the filing of the Complaint through trial.

      Discovery has commenced. With respect to each of the contested discovery points,

defendant's position is that it has no responsive documents because did not "call" the Plaintiff

because it only called him with a so-called "ringless voicemail".

      This position is specious and borders on the frivolous. As will be discussed, this attempt

at a technicality argument has no grounding in the law and is in fact directly contradicted by

independent third-party telephone records as well as relevant caselaw. And apart from the

aforementioned refusal to produce classwide calling data, the Defendant has also failed to

produce complaints and other correspondences relating to the calling conduct at issue, including

the defense of consent. The Plaintiff served discovery requests for those complaints and related

documents, as well as for class calling records, the requests and final amended responses for which are below:

> **INTERROGATORY NO. 6**: *If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.*
>
> **ANSWER:** Folsom Insurance objects to this Request as it is overbroad in time and scope, misleading, and seeks information that is not relevant or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b). Subject to and without waiving said objection, Folsom Insurance did not call Plaintiff.
>
> **INTERROGATORY NO. 7**: *If you contend that any putative class member provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained and the language present on the website it was contained on.*
>
> **ANSWER:** Folsom Insurance objects to this Interrogatory on the grounds it is overbroad in time and scope, misleading, seeks information that is not relevant or proportional to the needs of this case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b). Further, this matter is not suited for class discovery because no classes have been certified yet. Therefore, class discovery at this time is premature, prejudicial, costly and unduly burdensome. Folsom Insurance further objects on the grounds that this interrogatory is compound and contains subparts, acting as individual interrogatory.
>
> **REQUEST FOR PRODUCTION NO. 5**: *Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.*
>
> **ANSWER:** Folsom Insurance objects to this Request as it is overbroad in time and scope, vague and ambiguous in the use of the term "complaints," and "do-not-call request," it does not identify information sought with reasonable particularity and

seeks information that is not relevant or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b). Subject to and without waiving said objection, none.

**REQUEST FOR PRODUCTION NO. 17**: *Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors on any lead generation or customer acquisition campaigns, including, but not limited, to the campaign that contacted the Plaintiff. This includes, but is not limited to, the following information:*
- *the date and time;*
- *the caller ID;*
- *any recorded message used;*
- *the result;*
- *identifying information for the recipient; and*
- *any other information stored by the call detail records.*

**ANSWER:** Defendant objects to this request on the grounds it is overbroad in time and scope, misleading, assumes facts not in evidence, it is vague and ambiguous in the use of the terms "lead generation," "customer acquisition campaigns," and "call detail records," it fails to identify the information sought with reasonable particularity and it seeks information that is not relevant or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b). Defendant further objects on the grounds this matter is not suited for class discovery because no classes have been certified. Therefore, class discovery at this time is premature, prejudicial, costly and unduly burdensome. Subject to and without waiving said objection, none.

The parties exchanged numerous meet and confer emails regarding these requests and others, which included a telephone call on October 31, 2024 at 1:30 PM, as well as follow-up emails. The parties are at an impasse with the above requests.

## STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure broadened the scope of discovery to include "any nonprivileged matter that is relevant to any

party's claim or defense. . . . Information within this scope need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

## ARGUMENT

1. **Folsom's Responses Should Be Compelled Because Its Contention It Did Not Place Calls is Contradicted by the Law and Discovery Produced in this Case by Third Parties.**

In sum, this case deals with pre-recorded calls that ended up leaving recorded voicemail messages on the Plaintiff's cell phone as well as those of putative class members. With respect to each of the two interrogatories and requests for production that are in contention, the Defendant claims that it did not intend to "call" the plaintiff because it intended to leave so-called "ringless" voicemail messages. But not only are those contentions unsupported by applicable law, that are contrary to established case law *from this very Court*, as well as are contradicted by third party discovery produced in this case. Defendant cannot, therefore, be permitted to bury its head in the sand and rely on this manufactured technicality as a basis for contending that no "calls" took place, and that, correspondingly, there are no records of any "calls" as claimed in the responses.

*Starling v. KeyCity Capital, LLC* is directly on point and forecloses the Defendant's argument. There, the plaintiff, as here, alleged violations of the TCPA's prerecorded call

prohibitions arising from "ringless calls and automated voicemail messages inviting these individuals to dinner events at which Defendants would pitch their financial services." *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *2 (N.D. Tex. Jan. 21, 2022). At issue in that case, just as here, were interrogatories and requests for production "which seek documents and information relating to all telephone calls placed to the proposed class members, including the telephone numbers called, the dates and times of the calls, and the results of the calls." And, less restrictively than the position taken here, the defendant attempted to limit the scope of discovery to a subset of 5,000 or so individuals who received calls relating to the specific event for which the plaintiff was solicited. *Id.*

In dispensing with the argument that the content of the calls and the fact they were voicemails should preclude discovery into them, the Court noted, "the TCPA does not contemplate a content-based restriction on actionable calls—it prohibits *all* calls sending prerecorded messages to certain individuals without consent, regardless of the content of the messages." *Id.* at *5. The Court therefore compelled production of the classwide calling data. And, in dispensing with the defendant's relevance and proportionality objections, the Court summarily noted, "While Defendants argue in their Response to Plaintiff's Motion that producing this information would be unduly burdensome, premature, and outside the scope of precertification discovery, they do not assert these objections in their written discovery responses. . . . Having already decided that the information sought is relevant and sufficiently tailored to class certification issues, Defendants' objections to Interrogatory 5 are overruled." *Id.*

This court in *Starling*, other district courts, and at least two circuit courts of appeal are in agreement that the definition of a "call" under the TCPA should not be construed as narrowly as the defendant makes out such as to exclude voicemails, even of the supposedly "ringless"

9

variety. In *Susinno v. Work Out World Inc.*, 862 F.3d 346 (3d Cir. 2017), the Third Circuit heard

an appeal from a TCPA claim's dismissal. The defendant had placed one call to the plaintiff that

resulted in a voicemail, the plaintiff had not been charged for the call, and the call had gone

unanswered. *Id.* at 348. Still, the Third Circuit reversed the district court's dismissal, holding that

the Plaintiff sufficiently alleged a cognizable injury under the TCPA arising out of the receipt of

a voicemail. *Id.* at 351–52. This reasoning was also cited favorably in *Dickson v. Direct Energy,*

*LP*, 69 F.4th 338, 349 (6th Cir. 2023), which affirmed standing under the TCPA to assert

violations of pre-recorded "ringless" voicemails. *Accord Schaevitz v. Braman Hyundai, Inc.*, 437

F. Supp. 3d 1237, 1249 (S.D. Fla. 2019) ("Accordingly, the Court finds that the "ringless"

voicemail, that is, a direct to voicemail message is a "call" under the TCPA."); *Rowan v. Pierce*,

No. CV 20-1648 (RAM), 2023 WL 5672575, at *7 (D.P.R. Sept. 1, 2023) (same).

Defendant's position is rendered all the more untenable when the Court considers the

court's ruling in *Eisenband v. Starion Energy, Inc.*, No. 17-80195-CIV, 2017 WL 4685266, at *1

(S.D. Fla. Oct. 17, 2017), where the court overruled "Defendant's objections to Plaintiff's

requests for call logs" that would show "the numbers Defendant contacted using 'ringless

voicemails' in order to support its Motion for class Certification and satisfy its burden of

establishing ascertainability." *See also Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-CV-

60035-BB, 2018 WL 8130559, at *3 (S.D. Fla. July 26, 2018) (citing *Eisenband* and similarly

granting call logs of ringless voicemails). Thus, all three courts to consider the specific issue of

whether call records reflecting ringless voicemails are discoverable as call records have

concluded that they are. Moreover, the Defendant's position here, that the supposedly "ringless"

voicemail calls were not "calls," and therefore that no records of "calls" exist, is also directly

contradicted by the third-party discovery produced in this matter, attached herein as Exhibit A,

which reflect 9 calls, including 2 "failed" calls to the Plaintiff's telephone number. *Cf. Schaevitz*, 437 F. Supp. 3d at 1255 (holding that failed ringless voicemails violated the TCPA).

There can be no question that the two interrogatories and requests for production here, which seek nearly identical information relating to call records over supposedly "ringless" voicemail, and any corresponding consent to place them, should similarly be compelled.

**2. Folsom's Responses Should Be Compelled Because It Has Not Met Its Burden For Demonstrating a Reason For Nonproduction of Classwide Data.**

Folsom's objections to production of calling records, consent records, and complaints on a classwide basis should be overruled as an initial matter as it has not carried its burden with respect to any of the stated objections as a reason for nonproduction. As our very own Fifth Circuit has counseled time and again, arguments against discovery must be supported by *specific examples* and *articulated reasoning*, together with complementary evidence. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). The party resisting discovery must show specifically how each interrogatory or request is not relevant or specifically state a valid objection thereto. *McLeod,* 894 F.2d at 1485. Conclusory objections such as "overly broad, burdensome, and oppressive" are not adequate to voice a successful objection. *Id.*; *Duron v. Costco Wholesale Corp.*, No. EP-23-CV-00324-KC-MAT, 2024 WL 3730278, at *2 (W.D. Tex. Aug. 7, 2024).

The Defendant here has provided no evidence to bear its burden of demonstrating the applicability of its objections here with respect to *classwide* calling data. To the contrary, the requests sought to be compelled seeks information highly relevant to meeting the Plaintiff's burden at class certification, including demonstrating the elements of numerosity, commonality, typicality, adequacy, superiority, and predominance required by Rule 23. *Ahmad v. Old Republic Nat'l. Title Ins. Co*, 690 F.3d 698, 702 (5th Cir. 2012). With respect to the Rule 23 elements, the Fifth Circuit has emphasized that in most cases, "a certain amount of discovery is essential in

11

order to determine the class action issue and the proper scope of a class action." *Pittman v. E.I.*

*duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977). In light of Rule 23's mandate

to determine class certification at "an early practicable time," the district court must be permitted

to limit precertification discovery to "evidence that, in its sound judgment, would be helpful or

necessary to the certification decision." *Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974).

Classwide calling data, consent data, and complaint data is of paramount importance to

the Plaintiff successfully moving for class certification, as courts in the TCPA context

unanimously recognize. To that end, the defendant in *Starling* objected to Plaintiff's requests for

records which would identify classwide calling data on the basis that it would "amount to a

fishing expedition and seek to prematurely identify potential members of classes that should not

be certified." *Starling*, 2022 WL 198403, at *3. Defendant here makes an even less cogent

argument, merely conclusory stating that the "matter is not suited for class discovery because no

classes have been certified." This Court in *Starling* had no trouble in dispensing with these

arguments. As Judge Scholer explained (cleaned up):

> In light of Rule 23's mandate to determine class certification at "an early practicable
> time," the district court must be permitted to limit precertification discovery to "evidence
> that, in its sound judgment, would be helpful or necessary to the certification decision." . .
> . The question before the Court is thus whether call data for the Other Calls is relevant to
> the determination of the threshold requirements of Rule 23.
>
> Defendants assert in their Response that discovery regarding the Other Calls is premature
> because information related to other putative class members "is not relevant unless and
> until a class is certified." District courts, however, routinely permit precertification
> discovery of call lists and call data in TCPA class actions. (citing cases).
>
> Defendants' proposed approach of limiting discovery to information pertaining only to
> the named plaintiff in a putative TCPA class action "ignores the basic proposition that a
> class action is an exception to the usual rule that litigation is conducted by and on behalf
> of the individual named parties only." Moreover, the fact that a disputed discovery
> request "may reveal contact information for putative class members prior to a ruling on
> any motion for class certification is not fatal to the discovery request." Finally,
> Defendants argue that discovery on the Other Calls and recipients thereof should not be

permitted because it seeks to identify potential class members of uncertifiable classes. Defendants "essentially seek to litigate Rule 23 class certification prematurely."

While Defendants may ultimately prevail on these arguments, they are premature at this juncture "given that discovery is still ongoing and no motion for class certification has yet been filed."

And, having established that classwide discovery as to the calling data, purported consent data (if any), and complaint data is unquestionably relevant and proportional when considered in light of the Plaintiff's burden at class certification, the remainder of the Defendant's underdeveloped objections may quickly be dispensed with, just as in *Starling*. *Id.* at *5–*6 (summarily overruling objections to proportionality, burden, and trade secret information). To that end, Folsom's other objections may be quickly dispensed with. The requests are not "overbroad," nor are they allegedly "misleading;" to the contrary, as explained above, call logs are eminently discoverable, even in so-called "ringless" voicemail cases. Nor, as this Court explained in *Starling*, are such records irrelevant or disproportional to the needs of this class action case: class calling records are *the* type of documents needed to get a class certified.

And, with respect to any purported "burden or expense," the Defendant has not articulated why simply exporting its telephone calling records would be at all disproportionately burdensome or expensive; to the contrary, it has not made any specific showing why it isn't simply able to export such records with a few clicks. Folsom has not quantified what about these requests are overly broad or purportedly burdensome, rendering these objections speculative at best. Finally, nothing about the discovery here is "vague and ambiguous," and apart from the questionable position that ringless voicemails are not calls, Defendant has likewise not identified with specificity the purportedly "vague" or "ambiguous portions of the requests.

Because Folsom has not met its burden of demonstrating that any of its objections are sufficient, a full response should be compelled.

**3.  The Requests are Also Relevant to the Damages Analysis in this Case.**

Here, the production falls far short of the already liberal standards for discovery as the Plaintiff is simply seeking to pursue information that the *defendant has put at issue* by claiming that it did not place any calls to cell phones using prerecorded voices. Multiple courts have ordered similar discovery to occur, especially as to the affirmative defense of consent and any similar complaints, because the requested evidence is critical to the fact intensive inquiry necessary to resolve the question of treble damages. *See, e.g.*, *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, No. 5:11-CV-90, 2014 WL 316476, at *6-7 (N.D.W. Va. Jan. 28, 2014). The TCPA allows for a damages award to be increased, up to treble damages, if the violation is found to be "knowing or willful." 47 U.S.C. § 227(c)(5). Here, the Plaintiff seeks similar information which has previously been compelled in other TCPA lawsuits. Indeed, as the Court observed in *Monitronics*, "complaints and information regarding other dealers are relevant to whether Monitronics' and UTC's alleged violations of the TCPA were willful and knowing. 2014 WL 316476, at *5.

Not all of Folsom's settlements, discipline, and reprimands about TCPA issues have come from filed lawsuits, either. A vast majority of them likely came through do-not-call complaints and other informal mechanisms, like responses to state attorneys general.  As such, the discovery responses may be the best (and potentially only) evidence that exists for some of Folsom's telemarketing complaints, including through use of so-called "ringless" voicemails, to demonstrate knowing and willful conduct. The discovery is thus relevant to whether Folsom either was aware of the TCPA and whether they took action to stop such violations. *Id.* at *6.

There is also no meaningful dispute that this information may possibly be introduced at

trial. In fact, the Fourth Circuit Court of Appeals affirmed a jury verdict holding a defendant

vicariously liable and subject to willful damages under the TCPA following a 5-day trial.

*Krakauer*, 925 F.3d at 643. In *that* lawsuit, the defendant's history of receiving prior complaints,

their responses to those complaints, and settlements of such lawsuits were *all* issues considered

by the jury. *Id.* at 662 (4th Cir. 2019) ("The court documented the many occasions on

which Dish noted SSN's noncompliance and failed to act. The trial court catalogued the lawsuits

and enforcement actions brought against Dish for telemarketing activities, none of which

prompted the company to seriously improve its business practices…When it learned of SSN's

noncompliance, Dish repeatedly looked the other way…The district court also noted the half-

hearted way in which Dish responded to consumer complaints, finding that the evidence shows

that Dish cared about stopping complaints, not about achieving TCPA compliance.").

As there is no meaningful dispute that it is possible that the exact evidence that the

Plaintiff seeks could be put into evidence at trial and as a result, the information sought is

discoverable. Indeed, granting a similar motion to compel in a TCPA case, another Court held:

> Defendant's argument that the information need not be produced because it is not
> admissible under Federal Rule of Evidence 404(b) is without merit. *See* Fed. R. Civ. P.
> 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence
> to be discoverable."). Thus, the Motion will be granted.

*Bratcher v. Navient Sols., Inc.,* No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, at *6-7

(M.D. Fla. Mar. 2, 2017).

The Court should therefore find that the requested documents are also relevant to a

showing of treble damages and willfulness, that they are therefore relevant and proportional to

this case's needs, and compel on this basis as well.

15

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion to compel should be granted.

RESPECTFULLY SUBMITTED AND DATED this November 18, 2024.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF CONFERENCE

We hereby certify that we conferred with counsel for Folsom, regarding the subject of this motion, which is opposed. The parties exchanged numerous meet and confer emails regarding these requests and others, which included a telephone call on October 31, 2024 at 1:30 PM attended by Anthony Paronich for Plaintiff and Yesha Patel for the Defendant Folsom, as well as follow-up emails including the above. An agreement could not be reached because the parties are at an impasse with respect to the subject matter of the motion, as confirmed through email correspondence dated October 31, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich

## **CERTIFICATE OF SERVICE**

We hereby certify that on November 18, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich