IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No. 3:24-CV-02551-L |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM, and BERKSHIRE HATHAWAY HOMESTATE COMPANIES | § § § § § | |
| *Defendants.* | | |

**DEFENDANT FOLSOM INSURANCE AGENCY, LLC'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Folsom Insurance Agency, LLC ("Folsom Insurance") files this Response to Plaintiff's Motion and Brief in Support of Motion to Compel Folsom Insurance Agency LLC to provide Discovery Responses, and in support thereof provides the following:

**I.
INTRODUCTION**

Plaintiff filed this class action lawsuit against Folsom Insurance based upon allegations that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(B) ("TCPA") by placing at least one prerecorded telemarketing call to Plaintiff's cellular number without his prior express written consent. *See Plaintiff's First Amended Complaint – Class Action* [Doc. 06] ("First Amended. Complaint"). Based upon these allegations, Plaintiff claims the following nationwide putative class:

> **Robocall Calls**: All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an

identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior to the filing of the Complaint through trial.

*See* First Amended Complaint [Doc. 6].

Folsom Insurance denies placing any telephone calls to Plaintiff. If anything, Plaintiff received a ringless voicemail. *See* Folsom Defendants' Answer [Doc. 12].

Plaintiff served his First Set of Discovery to Folsom Insurance on August 19, 2024, comprising of twelve (12) Interrogatories and eighteen (18) Requests for Production. Folsom Insurance timely responded to Plaintiff's Discovery Requests on October 09, 2024. The parties conferred by telephone on October 31, 2024 regarding the requests at issue and other discovery items.

On November 18, 2024, Plaintiff filed its Motion and Brief in Support of Motion to Compel Folsom Insurance Agency LLC to provide Discovery Responses ("Plaintiff's Motion") [Doc. 21] complaining about four responses to the requests. More specifically, Plaintiff seeks to compel responses to Plaintiff's Interrogatories Nos. 6 and 7 and Request for Production Nos. 5 and 17. For the reasons outlined below, Plaintiff's Motion to Compel should be denied.

## II.
## ARGUMENT AND AUTHORITY

### A.   Interrogatory No. 6

Plaintiff asks Folsom Insurance to state all facts supporting its contention that Plaintiff provided consent to receive solicitation telephone calls. Folsom Insurance asserted objections and, subject to those objections, provided an answer explaining that it did not *call* Plaintiff. Folsom Insurance has repeatedly advised Plaintiff that it did not place any telephone calls to Plaintiff. Since its initial pleading in this case (Folsom Defendants' Answer [Doc. 12]), Folsom Insurance has maintained that it did not call Plaintiff; rather it placed a ringless voicemail to Plaintiff.

As the name implies, a ringless voicemail is a voicemail sent directly to the consumers' voicemail box without the phone ringing.[1] Though the methods of transmitting the voicemail directly to the voicemail box vary, the end result is a voicemail without the disruption of a telephone call.[2] Thus, the telephone calls, in a traditional sense, and ringless voicemails have different attributes, as ringless voicemails do not use the consumer's telephone lines.

When this issue was raised, Plaintiff's counsel claimed telephone calls include ringless voicemails in the discovery requests. However, Plaintiff neither defined the term telephone calls in his discovery requests, nor served additional requests that cover ringless voicemails. Following Plaintiff's argument, telephone calls under the TCPA could mean different forms of communication (i.e., telephone calls in a traditional sense, text messages, etc…). But without defining terms, Plaintiff's use of the all-encompassing term "telephone calls" is overbroad in scope and seeks information that is not relevant or proportional to the needs of the case. Particularly, any other form of communication, besides ringless voicemail, is not relevant to the case at hand. Accordingly, Folsom Insurance responded to Plaintiff's request by explaining that it did not call Plaintiff.

Plaintiff argues that Exhibit A (a document produced by a non-party) attached to his Motion shows that Folsom Insurance placed telephone calls to Plaintiff. However, Exhibit A does not identify the form of communication; rather, it simply shows that communications were attempted by a number beginning with 903 to a number beginning with 252. Thus, Plaintiff's argument information produced by a non-party allegedly shows Folsom Insurance placed

---

[1] *See* Irela Aleman, *Ringless Voicemails: How an Emerging Unregulated Technology May Hinder the Intent of Telephone Consumer Protection Act of 1991,* 71 Fed. Comm. L.J. 253, 266 (2019).
[2] *See id.*

telephone calls in traditional sense, is without merit. Therefore, the Court should deny Plaintiff's Motion to Compel in relation to the response to Interrogatory No. 6.

### B.      Interrogatory No. 7

To the extent it "contends that any putative class member provided consent to receive solicitation telephone calls," Plaintiff asks that Folsom Insurance "state all facts in support of that contention and identify the date(s) on which and the means by which it contends consent was obtained and the language present on the website it was contained on." *See* Plaintiff's Motion pg. 6 [Doc. 21].

As Folsom Insurance responded, Plaintiff's request is overbroad in time and scope by requesting Folsom Insurance to state all facts and contentions regarding any consent provided by alleged putative class members. Further, the request is misleading and not relevant to the proportional needs of the case because it assumes Folsom Insurance placed telephone calls to Plaintiff and alleged putative class members. Again, Folsom Insurance does not make telephone calls. Instead, Plaintiff received a ringless voicemail from Folsom Insurance as shown on the call log produced by Folsom Insurance. *See* Exhibit A.

In the alternative, should this court determine that the term, "telephone call" in Plaintiff's discovery requests is inclusive of ringless voicemails, as written, a request for Folsom Insurance to identify each proposed putative class member's consent is prejudicial, unduly burdensome and costly. Folsom Insurance may have sent ringless voicemails to those whom it had an existing business relationship. The only way to decipher between clients and non-clients is individually cross checking the contact information for each of Folsom Insurance's clients with the proposed putative class members contacted, which is a costly and unduly burdensome task for a small business. In addition, this request is compound and contains discrete subparts acting as individual

interrogatory because it seeks Folsom Insurance to identify this information for each proposed putative class member. *See* Fed. R. Civ. P. 33(a). Finally, Plaintiff's request attempts to shift the burden on Folsom Insurance to first discover the putative class members who were charged for the ringless voicemail, if any, and then provide the requested information regarding them – a task which is impossible to achieve without individually calling each putative class member for this information. For these reasons, the Court should deny Plaintiff's Motion to Compel related to Interrogatory No. 7.

### C.    Request for Production No. 5

Plaintiff requests that Folsom Insurance produce "all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls." Plaintiff further states that this request "includes, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same."

As Folsom Insurance asserted in its objection, this request is overbroad in time and scope and vague and ambiguous in the use of the term "complaints" and "do-not-call request," as Plaintiff does not define these terms. Without properly defined terms, the request could potentially seek information about any form of outbound call made by Folsom Insurance to any of its clients, or non-clients during which they complained or requested it not call back.

Further, Plaintiff fails to identify the information it seeks with reasonable particularity. In the Motion to Compel, Plaintiff assumes that a vast majority of "settlements, discipline, and reprimands about TCPA issues" likely came through do-not call complaints and other informal mechanisms, like responses to the state attorney general. *See* Plaintiff's Motion pg. 14. If Plaintiff seeks this information from Folsom Insurance, Plaintiff should have requested this information

with reasonable particularity or provided appropriate parameters. Without properly defined terms or identifying information, Plaintiff fails to describe with reasonable particularity the information sought from Folsom Insurance, as required by Federal Rules of Civil Procedure 34(b)(1)(A). (A production request "must describe with reasonable particularity each item or category of items to be inspected."). Thus, the Court should deny Plaintiff's Motion to Compel related to Request for Production No. 5.

### D.    Request for Production No. 17

Plaintiff requests that Folsom Insurance produce "all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors on any lead generation or customer acquisition campaigns, including, but not limited, to the campaign that contacted the Plaintiff. This includes, but is not limited to, the following information: the date and time; the caller ID; any recorded message used; the result; identifying information for the recipient; and any other information stored by the call detail records."

As Folsom Insurance asserted in its objections, this request is overbroad in time and scope, and it is vague and ambiguous in the use of the terms, "lead generation," "customer acquisition campaigns," and "call detail records." Without appropriate definitions, these words could have multiple meanings. In this regard, Plaintiff fails to describe with reasonable particularity the information sought from Folsom Insurance. *See* Fed. R. Civ. P. 34(b)(1)(A). Further, requiring Folsom Insurance to produce this information at this time, without a class certified, is premature, prejudicial, costly and unduly burdensome.

Moreover, the request is not narrowly tailored to the type of communication received by Plaintiff. Rather, Plaintiff attempts to use the all-encompassing term "telephone calls" to seek documents about any telemarketing strategy utilized by Folsom Insurance, which is not relevant

or proportional to the needs of the case. Accordingly, subject to its objections, Folsom Insurance correctly stated that it does not have any information regarding "telephone calls." Thus, Plaintiff's Motion to Compel should be denied in relation to Request for Production No. 17.

## III.
## CONCLUSION

For these reasons, Defendant Folsom Insurance Agency, LLC respectfully requests that the Court deny Plaintiff's Motion to Compel.

> Respectfully submitted,
>
> THOMPSON, COE, COUSINS & IRONS, L.L.P.
>
> By:   */s/ Jason R. Jobe*
>      Jason R. Jobe
>      State Bar No.  24043743
>      E-Mail: jjobe@thompsoncoe.com
>      Yesha P. Patel
>      State Bar No.  24098228
>      E-Mail: ypatel@thompsoncoe.com
>
> Plaza of the Americas,
> 700 N. Pearl Street, 25th Floor
> Dallas, TX 75201-2832
> Telephone: 214-871-8200
> Telecopy:  214-871-8209
>
> **ATTORNEYS FOR DEFENDANTS**
> **FOLSOM INSURANCE AGENCY LLC,**
> **AND CODY FOLSOM**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 9th day of December 2024.

> By:   */s/ Jason R. Jobe*
>      Jason R. Jobe