**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM<br><br>Defendants. | CIVIL ACTION FILE NO.<br>3:24-CV-02551-L<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF MOTION**
**TO COMPEL FOLSOM INSURANCE AGENCY LLC**
**TO PROVIDE DISCOVERY RESPONSES**

1

## INTRODUCTION

Folsom Insurance Agency LLC's opposition to the motion to dismiss primarily boils down to the argument that their "ringless voicemail" that they sent are not "calls" under the Telephone Consumer Protection Act. As described below, courts around the country have disagreed with that contention and found that, if you use telecommunications equipment that bypasses a cellphone's ringer and simply appears as a voicemail, you've still made a call. Indeed, no court to Plaintiff's knowledge *has ever* agreed with the Defendant's position.

Folsom's remaining arguments can be similarly dispensed with, including that the requests are vague (they are not, and the same language has been used in multiple Orders compelling discovery in TCPA cases), premature (they are timely, as the parties only have a single discovery period), and costly (the records sought are electronic only and Folsom has not provided an affidavit estimating the cost or burden of production.

As such, the Plaintiff's motion to compel should be granted.

## ARGUMENT

**A. "Ringless Voicemails" are Calls under the TCPA.**

"[E]very court that has addressed this question has held that a ringless voicemail is a call under the TCPA." *Beard v. John Wester Chevrolet, LLC,* 640 F. Supp. 3d 420, 425 (E.D. NC. 2022) Indeed, there is growing case law that have ruled that such technology is subject to the TCPA. *See Caplan v. Budget Van Lines,* No. 2:20-CV-130 JCM (VCF), 2020 U.S. Dist. LEXIS 136865, at *9 (D. Nev. July 31, 2020) ("This court finds that the TCPA is applicable to RVMs for the same reason. Focusing on the method of delivery, as Budget would have the court do, elevates form over substance. At bottom, RVMs are still a nuisance delivered to the recipient's

phone by means of the phone number. RVMs are calls as defined by the TCPA."); *Schaevitz v. Braman Hyundai, Inc.,* 437 F. Supp. 3d 1237, 1248-9 (S.D. Fla. 2019) ("The fact that Defendant utilizes a computer to deposit the prerecorded voice messages *en masse* into the voicemail boxes of nonconsenting consumers is no bar to finding such "ringless" voicemails qualify as "calls" within the meaning of § 227(b)(1)(A)… The "ringless" voicemail accompanied by a pre—recorded message is no less intrusive than a standard voicemail"). *See also Gurzi v. Penn Credit Corp.,* No. 6:19-cv-823-Orl-31EJK, 2020 U.S. Dist. LEXIS 56582 (M.D. Fla. Mar. 30, 2020); *Grant v. Regal Auto. Grp., Inc.,* No. 8:19-cv-363-T-23JSS, 2020 U.S. Dist. LEXIS 42685, at *4 (M.D. Fla. Mar. 12, 2020); *Aussieker v. Staccato Props.*, LLC, No. 2:19-cv-0089 TLN DB PS, 2019 U.S. Dist. LEXIS 221053 (E.D. Cal. Dec. 26, 2019); *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, No. 619CV196ORL31DCI, 2019 U.S. Dist. LEXIS 103796, 2019 WL 2567971, at *2 (M.D. Fla. June 21, 2019).

Indeed, in *Saunders v. Dyck O'Neal, Inc.*, 319 F. Supp. 3d 907, 909-910 (W.D.Mich.2018)—the court found that "Courts have consistently held that voicemail messages are subject to the same TCPA restrictions as traditional calls," that the "effect [of an RVM] on the plaintiff is the same" as a traditional call, that "voicemails are arguably more of a nuisance to consumers than text messages," and that "[t]o limit the TCPA to instances where [the defendant] specifically dialed [the plaintiff's] phone number and then reached her voicemail, and exclude [the defendant's] back door into [the plaintiff's] voicemail box, would be an absurd result." *Id.* at 909-912.

As such, any discovery objection rooted in the fact that ringless voicemails are not calls under the TCPA should be rejected.

**B. If Folsom Insurance Had any Consent to Make Calls, that is an Affirmative Defense for Which it Should Produce All Information.**

The TCPA exempts from its scope telemarketing calls made with consumers' prior express written consent. *E.g.,* 47 U.S.C. 47 U.S.C. 227(b)(1)(A). "Prior express consent" exists where a consumer has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the call will be made for the purpose of encouraging the purchase of goods or services. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C.R. 1830 ¶ 7 (FCC 2012).

In February of 2012, the Federal Communications Commission reiterated:

> Should any question about the consent arise, the seller will bear the burden of demonstrating that a clear and conspicuous disclosure was provided and that unambiguous consent was obtained.

*See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd 1830, 1844 (Feb. 12, 2012).

Folsom doesn't deny that these records of consent are their burden or that they possess them. However, they again state that ringless voicemails are not calls. As discussed above, no Court has ever made such a finding and that should be rejected.

Next, Folsom claims such a production would be unduly burdensome and costly. This contention is counterintuitive since the telemarketing conduct at issue was sent to derive new customers. Not surprisingly, Folsom simply offers speculation as to why the task would be burdensome, not supported by any affidavit. "A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016). General objections that a discovery request is "overly

4

broad, [is] unduly burdensome, or seek[s] information that is not relevant and not likely to lead to the discovery of relevant evidence, are invalid." *Id.*

Furthermore, even if Folsom could show that the documents requested were unduly burdensome (they have not), that does not end the analysis. "While cost and burden are critical elements in determining accessibility, a showing of undue burden is not sufficient by itself to trigger a finding of inaccessibility." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 301 (S.D.N.Y. 2012). Folsom has not carried its burden that this information is inaccessible, especially because it says that it will only need to check its customer list. If Folsom does not want to do so, it can simply produce the telephone numbers of its customers and the Plaintiff's expert can perform such an analysis.[1]

C. **The Plaintiff's Request for Complaints are Relevant to an Assessment of Damages and are Appropriately Tailored in Time and Scope.**

The Plaintiff is requesting information regarding Defendant's knowledge of any complaints related to their telemarketing conduct, which is information that has been repeatedly compelled when considering liability and damages under the TCPA. *See Bratcher v. Navient Sols., Inc.*, No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, 2017 WL 895739, at *2 (M.D. Fla. Mar. 2, 2017) (finding both "formal and informal prior complaints" relevant to whether the defendant's actions were intentional under either the TCPA or FCCPA); *Osborne v. Gila, LLC*, No. 15-62585-cv-COOKE/TORRES, 2016 U.S. Dist. LEXIS 190574, 2016 WL 7508260, at *1-2 (S.D. Fla. May 24, 2016) (finding prior complaints to be relevant to whether the defendant willfully violated the TCPA); *Morser v. Hyundai Capital Am., Inc.*, No. 2:15-cv-

---

[1] Folsom's remaining argument that the Plaintiff is attempting to shift the burden to the Defendant on whether or not the recipients were charged for calls is a peculiar one, because the Plaintiff is not seeking such information at this time.

117-FtM-29CM, 2015 U.S. Dist. LEXIS 97494, 2015 WL 4527016, at *3 (M.D. Fla. July 27, 2015) ("A finder of fact could conclude that the existence of multiple complaints suggests that Hyundai was aware it was violating the TCPA.").

Folsom does not appear to dispute the relevance of the request, but asserts that it is overbroad in time and scope. With respect to scope, it is not overbroad as similar requests about "complaints" have been compelled in TCPA cases, as described above. Furthermore, the Plaintiff's discovery requests included the following temporal limitation:

**RELEVANT TIME PERIOD**
Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

This four-year temporal limitation matches the TCPA's statute of limitations. *See Benedia v. Super Fair Cellular, Inc.,* No. 07 C 01390, 2007 U.S. Dist. LEXIS 71911, at *1 (N.D. Ill. Sep. 26, 2007) ("The Telephone Consumer Protection Act, 47 U.S.C.S. § 227, was enacted after 1990 and does not contain an express statute of limitations. Therefore, 28 U.S.C.S. § 1658 four-year statute of limitations applies to it.")

As such, those requests should be Produced.

### D. The Plaintiff's Request for Calling Records is Not Unclear or Vague.

Not disputed by the Defendant in its brief is the case of *Starling v. KeyCity Capital, LLC*, which is directly on point. There, the plaintiff, as here, alleged violations of the TCPA's prerecorded call prohibitions arising from "ringless calls and automated voicemail messages inviting these individuals to dinner events at which Defendants would pitch their financial services." *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *2 (N.D.

6

Tex. Jan. 21, 2022). At issue in that case, just as here, were interrogatories and requests for production "which seek documents and information relating to all telephone calls placed to the proposed class members, including the telephone numbers called, the dates and times of the calls, and the results of the calls." Just as the Court did in *Starling*, the requested records should be compelled.

First, like the request discussed above, the temporal limitation of the calling data sought is the TCPA's statute of limitations.

Second, the phrases "lead generation," "customer acquisition campaigns," and "call detail records" are not vague. Lead generation and customer acquisition campaigns mean how they read, limiting the calls to client (lead) origination efforts as opposed to ongoing informational communications with current customers. Finally, "call detail records" are records of telephone contact, the Plaintiff even attached an example of call detail records to their brief in support of the motion to compel. Furthermore, the term "call detail records" has been referred to in TCPA decisions, including those relating to discovery. *See e.g. Mey v. All Access Telecom, Inc.*, 2022 U.S. Dist. LEXIS 242226, *5 (N.D. WV. 2022) ("Request for Production No. 16 states as follows: Please produce Call Detail Records concerning all calls…On January 18, 2022, Plaintiff filed a Motion to Compel, seeking to compel production of documents responsive to RPD No. 16. ECF No. 265. On March 23, 2022, the Court entered an Order granting Plaintiff's Motion to Compel."). The phrases used are not vague.

Similarly, the Plaintiff's request also asks for the "recorded message" used to make such calls. As such, his request is not overbroad when it seeks the same technology that is at issue here.

7

Finally, Folsom makes an objection that a class has not yet been certified and so the request is premature. However, the parties only have one discovery period. When granting a similar motion to compel in another TCPA case, a Court held:

> [Defendant argues] Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). The Court should grant the motion for the same reason here.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to compel should be granted.

RESPECTFULLY SUBMITTED AND DATED this December 16, 2024.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

8

## CERTIFICATE OF SERVICE

We hereby certify that on December 16, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich