IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. : 3:24-CV-02551-L |
| Plaintiff, | : |
| v. | : : |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM | : : : |
| Defendants. | : |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to this Court's November 22, 2024 Order (ECF No. 24), the plaintiff Joseph Bond and defendants Folsom Insurance Agency LLC and Cody Folsom (together "the Parties") submit this Joint Status Report ("Joint Report").

**(1) A brief statement of the nature of the case, including the contentions of the parties;**

**Plaintiff:** As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). "In the context of the TCPA, the class action device likely is the optimal means of forcing corporations to internalize the social costs of their actions." *Bee, Denning, Inc. v. Capital Alliance Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (certifying two Classes under the TCPA).

In this lawsuit, Mr. Bond has alleged that Folsom sent multiple calls to his cell phone. Those calls left pre-recorded messages on his voicemail in violation of the TCPA. Third Party discovery from the telephone service provider Defendant hired to place the calls has confirmed that Mr. Bond and others have received the same. Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior to the filing of the Complaint through trial.

**Defendants:** Defendants deny that they violated the TCPA or that they are liable to Plaintiff in any way. Defendants contend that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, waiver, ratification, estoppel, and equitable estoppel, and failure to mitigate damages. Further, Defendants contend that Plaintiff's claims are barred in whole or in part because Defendants acted in compliance with all applicable rules, laws, and governmental regulation. Defendants contend that Plaintiff's claims are also barred in whole or in part pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(A)-(E), 47 U.S.C. § 227(c)(5)(c) and on the grounds that Plaintiff was not charged for the ringless voicemail as required by the TCPA.

Further, Defendants contend that:

1. Plaintiff does not meet the class requirements of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff cannot meet the requirements of numerosity, commonality, typicality, and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact and do not predominate over individualized inquires.

2. This is not a valid class action because the putative class members are not readily ascertainable.

3. This action cannot be maintained as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedure because: (a) Plaintiff is not adequate class representatives and cannot

    fairly and adequately protect the interests of the putative class; (b) Plaintiff's claims are not typical of the claims of other members of the putative class; (c) individual issues of law or fact predominate over any common question; (d) adjudication of separate actions by individual members of the putative class would not be dispositive of others' interests or establish incompatible standards of conduct for Defendant; (e) no other requirement for maintaining this action as a class have been satisfied; and, (f) the putative class is not properly defined or readily ascertainable. Consequently, any adjudication of any named Plaintiff's individual claims or any claim of any purported class member on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Defendant's Due Process and other rights under the Texas and United States Constitutions.

4. This action cannot be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because: (a) Plaintiff is not adequate class representative and cannot fairly and adequately protect the interests of the putative class; (b) Plaintiff's claims are not typical of the claims of other members of the putative class; (c) individual issues of law or fact predominate over any common question; (d) a class action is not a superior method for fair and efficient adjudication of the purported controversy; (e) no other requirement for maintaining this action as a class have been satisfied; and, (f) the putative class is not properly defined or readily ascertainable. Further, adjudication of any named Plaintiff's individual claims or any claim of any purported class member will require individualized inquiry regarding injury, causation, and damages, such that imposition of liability or any award of damages or other relief against Defendant on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Defendant's Due Process and other rights under the Texas and United States Constitutions

**(2) Any challenge to jurisdiction or venue.**

    None.

**(3) Any pending or contemplated motions and proposed time limits for filing motions.**

    The Plaintiff has a motion to compel pending, which this Court has referred to the Magistrate Judge. The Plaintiff anticipates filing his motion for class certification by July 10, 2025. Defendants anticipate filing a motion to bifurcate discovery by Friday, December 27, 2024.

**(4) Any matters which require a conference with the Court.**

    None at this time.

**(5) Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

Based on the discovery conducted to date, other parties are unlikely to be added at this time.

**(6) (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

(A) The Plaintiff anticipates that 9 months will be needed for discovery due to the involvement of third parties in the calling at issue. (B) The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendants or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor that may have made calls for the Defendants; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendants and its responses thereto. (C) None at this time.

(A) The Defendants request a bifurcated fact and class-discovery and anticipate filing a motion to bifurcate discovery. Defendants have provided its proposed timelines for fact and class discovery on pages 6-7 of this report. Specifically, Defendants anticipate 6 months for individual fact discovery, after which, they anticipate, class discovery beginning on August 04, 2025, and ending on November 03, 2025. (B) Defendants anticipate discovery on the merits of Plaintiff's claims and alleged damages as well as issues related to anticipated motion for class certification. (C) Defendants request a bifurcation of individual and class discovery, and allowing class

4

discovery to commence only if Plaintiff's individual claims survive dispositive motions. Finally, Defendants anticipate filing a protective order.

**(7) A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

All counsel have confirmed that they've read the Dondi decision as well as the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**(8) Requested trial date, estimated length of trial, and whether a jury has been demanded.**

The parties request a trial in February of 2026. The trial will last 5 days if a class is certified and a jury has been demanded.

**(9) Whether the parties waive their right to proceed before a district judge of the United States District Court and consent to trial (jury or nonjury) before United States Magistrate Judge David Horan per 28 U.S.C. § 636(c). The parties are to simply to answer "Yes" or "No." Do not state, "The parties do not jointly consent," as there can be no consent if it is not joint. Do not state the identity of the party refusing to consent to proceed before a magistrate judge. Before the parties consent to proceed before a magistrate judge, the court directs counsel for all parties to read Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences.**

No.

**(10) Prospects for settlement, and status of any settlement negotiations.**

The parties have discussed settlement and the possibility of mediation, but the Plaintiff requires discovery into the size of the putative class before those conversations can advance.

**(11) Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

The parties will agree to mediate at the close of discovery.

**(12) Any other matters relevant to the status and disposition of this case.**

5

The parties have already made their initial disclosures and engaged in initial written discovery.

The Plaintiff suggests the following discovery plan:

| EVENT | PROPOSAL |
| --- | --- |
| Initial Disclosures | **COMPLETED** |
| Deadline to Amend Pleadings | February 28, 2025 |
| Fact Discovery Deadline | July 18, 2025 |
| Dispositive Motions | August 01, 2025 |
| Plaintiff's Expert Reports | August 01, 2025 |
| Defendant's Expert Reports | September 12, 2025 |
| Any Reply Reports | September 26, 2025 |
| Class Certification Motion Deadline | October 10, 2025 |
| Defendant' Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff' Reply to Class Certification Motion | 14 days after the opposition is filed. |
| ADR Deadline | November 14, 2025 |

Defendants suggest the following bifurcated discovery plan:

| EVENT | PROPOSAL |
| --- | --- |
| Initial Disclosures | **COMPLETED** |
| Deadline to Amend Pleadings | February 28, 2025 |
| Individual Fact Discovery Deadline | May 9, 2025 |
| Dispositive Motions Deadline | May 23, 2025 |

6

| | |
|---|---|
| Class Discovery begins | August 04, 2025 |
| Plaintiff's Expert Reports | August 01, 2025 |
| Defendant's Expert Reports | September 12, 2025 |
| Any Reply Reports | September 26, 2025 |
| Class Discovery ends | November 03, 2025 |
| Class Certification Motion Deadline | November 03, 2025 |
| Defendant' Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff' Reply to Class Certification Motion | 14 days after the opposition is filed. |
| ADR Deadline | November 10, 2025 |

RESPECTFULLY SUBMITTED AND DATED this December 23, 2024.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Jason R. Jobe*
Jason R. Jobe
State Bar No. 24043743
E-Mail: jjobe@thompsoncoe.com
Yesha P. Patel
State Bar No. 24098228
E-Mail: ypatel@thompsoncoe.com

Plaza of the Americas,
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
Telephone: 214-871-8297
Telecopy:  214-871-8209

**ATTORNEYS FOR DEFENDANTS FOLSOM INSURANCE AGENCY LLC, AND CODY FOLSOM**