IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No. 3:24-CV-02551-L |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM, and BERKSHIRE HATHAWAY HOMESTATE COMPANIES | § § § § § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**

Defendants Folsom Insurance Agency, LLC and Cody Folsom respectfully submit its Motion to Bifurcate Discovery and file this brief in support thereof:

**I.   SUMMARY OF ARGUMENT**

The issue to be ruled on is whether the Court should bifurcate and limit discovery into two phases—individual and class-based discovery.

The discovery should be bifurcated because rulings and decisions on Plaintiff's individual claims will determine the validity of Plaintiff's class-based claims. Further, bifurcation makes the case more manageable, less burdensome, and saves substantial costs and resources for the court, the parties, and jurors. Bifurcating discovery and limiting initial discovery to matters related to Plaintiff's individual claim under the Telephone Consumer Protection Act will be expedient and economical because it will help determine whether Plaintiff is indeed a proper class representative before broader discovery is undertaken. Therefore, Defendants ask the Court to bifurcate discovery on Plaintiff's individual claims and allow for class-based discovery only if Plaintiff's individual claims survive dispositive motions.

## II.   INTRODUCTION

Plaintiff filed this class action lawsuit against Defendants based upon allegations that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(B) ("TCPA") by placing at least one prerecorded telemarketing call to Plaintiff's cellular number without his prior express written consent. *See* Plaintiff's First Amended Complaint – Class Action [Doc. 06] ("First Amended. Complaint").  Based upon these allegations, Plaintiff has alleged the following nationwide putative class:

> **Robocall Class**: All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior to the filing of the Complaint through trial.
>
> *See* First Amended Complaint [Doc. 6].

On December 24, 2024, Plaintiff served his Second Set of Discovery to Folsom Insurance seeking class discovery. *See* Exhibit A – Plaintiff's Second Set of Discovery to Folsom Insurance Agency LLC ("Plaintiff's 2nd Discovery Requests"). Defendants move the Court to bifurcate discovery related to Plaintiff's individual and class-based claims and to stay all class-based discovery at this time.

## III.   ARGUMENTS AND AUTHORITIES

Bifurcating discovery and proceeding on Plaintiff's individual claim first will quickly and efficiently determine if Plaintiff has a viable individual claim before imposing the burden of class discovery on Defendants, especially if Plaintiff cannot represent the class. Rule 26 affords the trial court authority to control the sequence and timing of discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See E.E.O.C. v. Lawler Foods, Inc.,* 128 F.Supp.3d 972, 974 (S. D. Tex. 2015); Fed. R. Civ. P. 26(c); *Crawford-El v.*

*Britton*, 523 U.S. 574, 599 (1998). For example, "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *See E.E.O.C.,* 128 F. Supp. 3d at 974 (quoting, 8A Wright and Miller, *Federal Practice and Procedure* § 2040 (3d ed. 2010).) This principal of judicial parsimony is often invoked to justify postponing discovery on damages until liability has been established. *See id.* Courts have also bifurcated discovery if unlimited discovery is very costly and time-consuming and turns out to be entirely wasteful and unnecessary should a plaintiff's pattern-to-practice evidence ultimately fall short, whether on summary judgment or at trial.  *See id* at 974. Controlling the scope of discovery is particularly appropriate when discovery will impose considerable expense and the claims may be resolved on issues that require only limited discovery. *See Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). When one issue can determine a case, the court may stay discovery on other issues until it decides the critical issues. *See id.; see also, Petrus v. Bowen*, 855 F.2d 581, 583 (5th Cir. 1987) (district court has inherent power to stay discovery until preliminary questions that may dispose of case are determined). Finally, the proposed sequence and timing of discovery should not unfairly prejudice any party. *See E.E.O.C.,* 128 F. Supp. 3d at 975.

The resolution of Plaintiff's individual claims will necessarily inform and perhaps moot the analysis of many class certification issues, including those regarding the commonality of the plaintiff's injuries, the typicality of his claims, and the predominance of common questions of law or fact. *See The Authors Guild, Inc. v. Google, Inc.,* 721 F.3d 132, 134 (2d. Cir. 2013)(vacating district court's grant of premature class certification and remanding for adjudicating of defenses to plaintiff's individual claim); *Am.'s Health and Res. Ctr., Ltd. v. Promologics, Inc.,* 2018 WL 347444, at *5-6 (N.D. Ill. July 19, 2018)(court agreed that bifurcation would quickly determine whether named plaintiff had viable claims and potentially stave off substantial wasted efforts);

*Horton v. Sw. Med. Consulting, LLC,* 2017 WL 5075928 (N.D. Okla. Aug. 14, 2017)(defendants requested bifurcation of class discovery from merits discovery in parties' initial joint status report; court agreed with defendants that bifurcation would be more efficient because discovery was distinguishable).

Here, the issue of Plaintiff's individual claims and its validity (or lack thereof) is determinative of whether a putative class can be certified. Class representatives must possess the same interest and suffer the same injury as the class members. *See E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 1896, 52 L. Ed. 2d 453 (1977). Bifurcating discovery will make it efficient and manageable for the parties to determine Plaintiff's individual claims and injuries before divulging into that of the class members. It will also determine if this Plaintiff is suitable to be a class representative. Further, it will make the case more manageable. For instance, Plaintiff asserts that he reasonably believes there are hundreds of putative class members. *See* Plaintiff's First Amended Complaint [Doc. 6] ¶ 61. In the interest of judicial parsimony, Defendants ask the Court to postpone class-based discovery until Defendants have had an opportunity to conduct discovery related to the validity of Plaintiff's individual claims and whether he is truly situated similarly to any other potential class members.

This relief is necessary especially in light of the fact that Plaintiff has served broad discovery requests seeking records, reports, telephone or call detail records of communication sent using a ringless voicemail or pre-recorded message from February 29, 2020 (four years before the filing of the original complaint) to present. These requests require Defendants to expend resources and time resulting in extensive and expensive class-based discovery before a determination on merits of Plaintiff's individual claims and class certification. Further, Plaintiff's production requests do not account for individuals that may have an established business relationship with

Defendants. In this regard, Defendants present unique defenses to the Robocall Class that does not include Plaintiff; i.e., current customers of Defendants and non-customers (or former customers) who may have been contacted using Ringless Voicemails that have an established business relationship with Defendants. Under the TCPA, there is no liability if an "established business relationship" exists. *See* 47 C.F.R. § 64.1200(c)(2)(ii), (f)(5), (f)(14); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 129–30 (N.D. Tex. 2020). District courts may only certify class actions in TCPA cases when plaintiff has advanced a viable theory that employs generalized proof to establish liability for the class. *See Hirsch v. USHealth Advisors, LLC,* 337 F.R.D. 118, 128 (N.D. Tex. 2020). If a central issue turns on evidence specific to each class member, then class-wide resolution is not possible. *See id. See also*, *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). Obviously, if Plaintiff's claims fail, then there is no conceivable way that class certification could even be remotely possible. Therefore, this serves as another basis to delay class discovery while the parties litigate the validity of Plaintiff's own claims.

In addition, Defendants' book of business, its clients, and clients' contact information are trade secrets; that is, proprietary and confidential information of its business. Under Texas law, customer lists may be protected as trade secrets. *See Sharma v. Vinmar Intern., Ltd.,* 231 S.W.3d 405, 424 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (Customer lists, pricing information, client information, customer preferences, buyer contacts, blueprints, market strategies, and drawings have all been recognized as trade secrets.). *See also*, *Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 625 (S.D. Tex. 2011). Thus, Defendants seek protection from discovery seeking the disclosure of its client's information, as sought in Plaintiff's 2nd Discovery Requests.

A. *The Bifurcation Proposal*

Defendants propose the Court enter a Scheduling Order limiting discovery on Plaintiff's individual claims, and commencing class discovery only if the Plaintiff's individual claims survive dispositive motions. Specifically, Defendants propose the following deadlines (also proposed by Defendants in the previously filed Joint Status Report and Discovery Plan [Doc. 29]):

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | **COMPLETED** |
| Deadline to Amend Pleadings | February 28, 2025 |
| Individual Fact Discovery Deadline | May 9, 2025 |
| Dispositive Motions Deadline | May 23, 2025 |
| Class Discovery begins | August 04, 2025 |
| Plaintiff's Expert Reports | August 01, 2025 |
| Defendant's Expert Reports | September 12, 2025 |
| Any Reply Reports | September 26, 2025 |
| Class Discovery ends | November 03, 2025 |
| Class Certification Motion Deadline | November 03, 2025 |
| Defendant' Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff' Reply to Class Certification Motion | 14 days after the opposition is filed. |
| ADR Deadline | November 10, 2025 |

This request does not unfairly prejudice the Plaintiff as it does not take away Plaintiff's right to conduct class-based discovery. Instead, bifurcation allows the parties to determine the scope and time frame of class-based discovery appropriate for this case before expending

potentially unnecessary resources, expenses and legal fees without a determination that an adequate class representative exists for this case. In this regard, bifurcation serves the interests of expediency, efficiency, economy and undue prejudice.

## IV. CONCLUSION

For these reasons, Defendants Folsom Insurance Agency, LLC and Cody Folsom respectfully request that the Court enter an Order bifurcating individual and class-based discovery, as well as a Scheduling Order including the deadlines proposed by Defendants.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Jason R. Jobe*
    Jason R. Jobe
    State Bar No. 24043743
    E-Mail: jjobe@thompsoncoe.com
    Yesha P. Patel
    State Bar No. 24098228
    E-Mail: ypatel@thompsoncoe.com

Plaza of the Americas,
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
Telephone: 214-871-8200
Telecopy: 214-871-8209

**ATTORNEYS FOR DEFENDANTS FOLSOM INSURANCE AGENCY LLC, AND CODY FOLSOM**

## CERTIFICATE OF CONFERENCE

On December 27, 2024, Defendants' counsel conferred regarding the relief sought in this Motion with Plaintiff's counsel, who stated that Plaintiff is opposed to this Motion.

By: /s/ *Jason R. Jobe*
Jason R. Jobe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 27th day of December 2024.

By: */s/ Jason R. Jobe*
Jason R. Jobe