IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : |
| | : CIVIL ACTION FILE NO. 3:24-cv-2551-L |
| Plaintiff, | : |
| v. | : |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM | : |
| Defendants. | : |

## PLAINTIFF'S OPPOSITION TO THE MOTION TO BIFURCATE DISCOVERY

In response to the Motion to Bifurcate (Doc. 30) filed by defendants Coldy Folsom and Folsom Insurance Agency LLC (Defendants), Plaintiff states as follows:

### I.  Introduction

Defendants have moved to limit discovery to the merits of Plaintiff's individual claims and asked the Court to allow for discovery addressing class certification and class merits only if Plaintiff's individual claims succeeds. However, in this consumer class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, for contacting numbers using pre-recorded messages (what the Defendants refer to as "Ringless Voicemails"), the Defendants don't rely on anything unique or dispositive about the Plaintiff's claims that support bifurcation. To the contrary, Defendants ignore this Court's order on the Plaintiff's motion to compel, including the Plaintiff's "persuasive" argument that information about the classwide calling conduct here is "necessary for a future class certification motion." Moreover, Defendants point themselves point to purported classwide issues, such as the presence of consent with each class

member, that demonstrate that discovery should not be bifurcated. Furthermore, Defendants have not provided any information to identify how Defendants' other telemarketing calls were made in a materially different way than that of the Plaintiff's, that is, without consent. As such, the Court should deny the request because Defendants' proposal is unfair, unworkable, and inefficient. Indeed, faced with a nearly identical motion, another denied the request in another TCPA case earlier last year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should decide the same here. Indeed, as the Fifth Circuit Court of Appeals has cautioned, "Although within a district court's discretion, the Fifth Circuit has instructed bifurcation is only appropriate in *exceptional circumstances*." *See McDaniel v. Anheuser-Busch, Inc.,* 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). As part of that caution, the "issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Laitram Corp. v. Hewlett-Packard Co.,* 791 F. Supp. 113, 115 (E.D. La. 1992) (quotation cleaned up) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)).

## II. Defendants' Attempt to Bifurcate Discovery is an End-Run Around this Court's Order Compelling Classwide Data

2

Just one week ago, Judge Horan entered an Order granting in part the Plaintiff's Motion to Compel. *See* ECF No. 28. In that Order, Judge Horan recognized that the information sought is necessary for a class certification motion:

> As to Interrogatory Nos. 6 and 7, "[t]he Court will not engage in a preemptive merits analysis to determine whether [Bond] is entitled to discovery on the claim that [he] has pleaded and is pursuing." Firebirds Intl, LLC v. Firebird Rest. Grp., LLC, No. 3:17-CV-2719-B, 2018 WL 3655574, at *16 (N.D. Tex. July 16, 2018). "The Court will not prematurely assess the balance of the evidence on the merits of [Bond's] claim[s] against [Folsom Insurance] and will not credit [Folsom Insurance's] assessment to cut off [Bond] from seeking relevant evidence from this named party before discovery has closed and any summary judgment motion has been filed." Velazquez v. El Pollo Regio LP, LLC, No. 3:15-cv-3170-M, 2017 WL 2289185, at *6 (N.D. Tex. May 25, 2017). On the Court's reading, Bond has pleaded "call" broadly enough to include ringless voicemails, and, although the Court need not now determine whether a ringless voicemail can support liability as a matter of law under the statute, Folsom Insurance's answer is incomplete as to what Bond is asking based on what he has pleaded and is pursuing. And Folsom Insurance has not supported its other boilerplate objections and may not avoid appropriate classwide discovery that is -- as Bond persuasively argues -- necessary for a future class certification motion…
>
> The Court orders Folsom Insurance to, by Wednesday, January 15, 2025, serve on Bond's counsel complete answers (without objections) to Interrogatory Nos. 6 and 7, in compliance with Federal Rule of Civil Procedure 33's requirements. See Lopez, 327 F.R.D. at 579-81.

*Id.* Folsom's attempt to seek bifurcation of discovery following this Court's Order is an attempt to excuse itself from having to comply with the Court's Order and should not be permitted.

### III. Defendants' Stated Reasons Supporting Bifurcation are Futile or Easily Curable.

The Defendant seeks to bifurcate discovery with respect to two principal arguments, both of which are either futile or curable.

*First*, the Defendants claim that there is a potential affirmative defense of an "established business relationship" for some recipients of the Ringless Voicemails. This assertion fails both

3

legally and factually. First, as a matter of fact, the Ringless Voicemails were sent to generate new business for the Defendant, so it would not make sense that they were sent to current customers. Indeed, the Defendant does not actually demonstrate that the calls were made to current clients (e.g. how many such current clients were contacted). Second, and perhaps more importantly, there *is no established business relationship defense* available for the sending of pre-recorded messages. *See, e.g., Broking v. Green Brook Buick GMC Suzuki,* 2017 U.S. Dist. LEXIS 134026, *16 (D. NJ.) ("Plaintiff argues the established business relationship exception does not apply, because the exception was eliminated effective October 16, 2013. (ECF No. 79 at 5.) The Court agrees. *See In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1837 (2012) ("[W]e eliminate the 'established business relationship exemption as it previously applied to telemarketing robocalls to residential lines."). Moreover, Folsom cites the definition of established business relationship present at 47 U.S.C. § 227(a)(4)(B) in arguing the exception applies to the prerecorded calls to cell phones here but the statute applies the exception only to subsection (b)(1)(C)(i), which governs unsolicited advertisements made to a "facsimile machine." See 47 U.S.C. § 227(b)(1)(C)(i). Here, the contact at issue was a telephone robocall to a cell phone, not a fax. As such, this argument should not serve as a basis to bifurcate discovery.

*Second*, the Defendants claim that if they have to respond to the Plaintiff's second set of discovery, they will have to reveal trade secrets is easily curable. The Defendants' only stated basis for claiming they will have to reveal "trade secrets" is the fact that in support of their established business relationship defense, to the extent it applies at all, they will have to identify individuals it had a prior business relationship with. However, as discussed above, the defense does not apply to the claim at issue. Furthermore, also as discussed above, the purpose of these

calls was to engage new business, so contacting individuals that there is a prior relationship with does not make sense. Likely for that reason, the Defendant does not identify how many such individuals are impacted. Finally, the information is solely relevant to a potential affirmative defense and could be marked as confidential under a protective order. *See SMD Software, Inc. v. Emove, Inc.,* No: 5:08-CV-403, 2010 U.S. Dist. LEXIS 54736, 2010 WL 2232261, at *5 (E.D. N.C. June, 2, 2010 (customer list discoverable subject to confidentiality order); *Nutratech, Inc. v. Syntech Int'l, Inc.,* 242 F.R.D. 552, 553 n.2 (C.D. Cal. 2007) ("Several courts have observed that supplier and customer lists are confidential documents that should be disclosed only pursuant to a protective order.") (citing cases); *IPC Information Sys., Inc. v. Odyssey Group, Inc.,* 232 F.R.D. 206, 207 (S.D.N.Y. 2005) (customer list ordered produced subject to protective order).

### IV. Bifurcation would be Inefficient and Inconvenient

District courts have broad discretion to control discovery. *Crawford—El v. Britton*, 523 U.S. 574, 598-99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). However, as stated above, "Although within a district court's discretion, the Fifth Circuit has instructed bifurcation is only appropriate in exceptional circumstances." *See McDaniel v. Anheuser-Busch, Inc.,* 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). As part of that caution, the "issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Laitram Corp. v. Hewlett-Packard Co.,* 791 F. Supp. 113, 115 (E.D. La. 1992) (quotation cleaned up) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)).

Indeed, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the

5

parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the merits of Plaintiff's individual claims. Then, defendant files a dispositive motion limited to the merits of Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on the single class certification issue of the Defendant's choosing (commonality). And after that, there would be a second round of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. *See ibid* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.")

Apart from the duplication of discovery outlined above, Defendants' proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation, as already previewed before this Court. There is significant overlap between discovery relevant to the merits of Plaintiff' individual claims and issues of class certification.

6

Indeed, as this Court has recognized in the instant case, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'")

For instance, are Defendants' communications and process for complying with the TCPA in general class discovery or merits discovery? Are Defendants' records and processes they presumably intend to assert led to the purported business relationship class discovery or merits discovery? Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004); (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that 'bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery').

The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. As another Court held while denying a similar request for bifurcation of discovery:

In fact, bifurcation would have the opposite effect. Much of the discovery sought appears [*7] relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. *Accord* DE [25] (Defendant arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

*Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL, 2016 U.S. Dist. LEXIS 6778, at *6-7 (E.D.N.Y. Jan. 12, 2016). Indeed, another Court found the same when denying a motion to bifurcate in a TCPA case in *Cardenas v. Resort Sales by Spinnaker, Inc.,* 2021 U.S. Dist. LEXIS 34923, *6-7 (D. SC.):

> The Court finds highly instructive Ahmed v. HSBC Bank USA, Nat'l Assoc., No. EDCV15057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Ca. Jan. 5, 2018). In Ahmed, a TCPA action, the court denied the defendant's motion to bifurcate discovery. The court found that bifurcation could lead to undue delay and could encourage gamesmanship by the defendant in responding to plaintiff's discovery requests. The Ahmed court reasoned:
>
> In light of [Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)] and the "rigorous analysis" requirement for class certification, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst. Separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." For example, bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] [*7] with the merits of the plaintiff's underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."
>
> In addition to "rais[ing] a slew of issues," "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case.

This Court should find the same.

### V. Bifurcation would Prejudice Plaintiff

Finally, the Court should deny the motion to bifurcate because it will prejudice Plaintiff' case. Defendants' request to limit discovery initially to its preferred issues is "untenable and unfair." *Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, *9 (D. N.J. August 22, 2019) (denying similar request to bifurcate in a TCPA case). "The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery." *Ibid.*

There is a real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the maintenance of of Defendants' calls. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3rd Cir. 2008) ("Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'"); *Hartley-Culp* 2014 U.S. Dist. LEXIS 130308 at *9 (denying similar request in another TCPA case after "find[ing] prejudice to Plaintiff if discovery was bifurcated" in the same manner requested here); *Sanaah v. Howell*, 2009 U.S. Dist. LEXIS 35260, *2 (D. Colo. 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."); *Saleh v. Crunch, LLC*, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial).

Any potential bifurcation will also necessarily delay class discovery and Plaintiff's motion for class certification prejudicing Plaintiff and the proposed class members. *See* Fed. R. Civ. P. 1, 23(c)(1)(A). Delays in class discovery compound the already-substantial difficulty of

9

gathering information necessary to identify class members and establish their claims. *See Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) ("when discovery is delayed or prolonged it can create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems"). Additionally, any delay creates the risk that the evidence Plaintiff needs to prevail on his claim will be destroyed, lost, corrupted, or forgotten. *Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 2490, at *12 (N.D. Cal. Jan. 8, 2016) (Plaintiff in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"); *accord Izor v. Abacus Data Sys.*, 2019 U.S. Dist. LEXIS 130865, at *10 (N.D. Cal. Aug. 5, 2019) (denying request in TCPA case).

**VI. Conclusion**

The Court should deny the motion to bifurcate discovery.

Dated: December 30, 2024                    Respectfully submitted,

|  | By:  */s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Telephone: (508) 221-1510<br>anthony@paronichlaw.com |
|---|---|