IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, : <br><br> Plaintiff, <br><br> v. <br><br> FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM, and BERKSHIRE HATHAWAY HOMESTATE COMPANIES <br><br> Defendants. | : CIVIL ACTION FILE NO. <br> : 3:24-CV-02551-L <br> : <br> : <br> : <br> : **JURY TRIAL DEMANDED** <br> : <br> : <br> : <br> : |

**MOTION AND BRIEF IN SUPPORT OF MOTION
TO COMPEL FOLSOM INSURANCE AGENCY LLC
TO PROVIDE DISCOVERY RESPONSES
AND FOR SANCTIONS**

1

# INTRODUCTION

In plain disregard of this Court's first order regarding the Plaintiff's first Motion to Compel, ECF No. 28, dated December 23, 2024, and this Court's denial of Defendant's Motion to Bifurcate Discovery, ECF No. 38, dated March 19, 2025, Defendant is refusing to produce unredacted records of the individuals it contacted with prerecorded messages on the specious basis that no class has yet been certified. As the attached Declaration of Aaron Wolfson[1] indicates, the production of the complete telephone numbers in those records is necessary to ascertain which calls were placed to cell phone numbers (as opposed to landlines), which is restricted by the TCPA. Because Defendant is engaging in blatant gamesmanship and in direct contradiction of this Court's December and March orders, sanctions are warranted.

# BACKGROUND AND MEET AND CONFER EFFORTS

As this Court observed in its December order, "[t]he Court will not engage in a preemptive merits analysis to determine whether [Bond] is entitled to discovery on the claim that [he] has pleaded and is pursuing. . . . Folsom Insurance . . . may not avoid appropriate classwide discovery that is -- as Bond persuasively argues -- necessary for a future class certification motion."

Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter on behalf of the following putative class:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior to the filing of the Complaint through trial.

---

[1] *See* Exhibit 1.

Previously, the Plaintiff had served the following Request for Production, which the Court held was not particular enough:

> **REQUEST FOR PRODUCTION NO. 17**: *Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors on any lead generation or customer acquisition campaigns, including, but not limited, to the campaign that contacted the Plaintiff. This includes, but is not limited to, the following information:*
> - *the date and time;*
> - *the caller ID;*
> - *any recorded message used;*
> - *the result;*
> - *identifying information for the recipient; and*
> - *any other information stored by the call detail records.*

As such, the Plaintiff served the following, revised, Request for Production, and received the following response:

> **REQUEST FOR PRODUCTION NO. 3:** Please provide all telephone or call detail records of a communication sent using a ringless voicemail.
>
> **Response:** Folsom Insurance objects to this Request as it is overbroad in time and scope, vague in the use of the terms "telephone or call detail records" and "communication, and it does not identify information sought with reasonable particularity and seeks information that is not relevant or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b). Defendant further objects on the grounds that class discovery at this time is premature, prejudicial, costly and unduly burdensome. Additionally, Defendants have sought the relief to bifurcate discovery, which is still pending a ruling from the Court. Further, this request seeks proprietary, confidential and trade secret information of its business.

After this Court denied Folsom's motion to bifurcate, on May 1, 2025, Folsom produced responsive records, 163 Excel files consisting of of "Broadcast Reports," reflecting the calls it sent using the prerecorded so-called "ringless voicemails" at issue, as reflected below:

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Date | Broadcast | Broadcast Name | Contact Name | To Number | From Number | TTS Body | Carrier | Status | Result | Type | Credits |
| 2 | 12/20/23 09:10:17 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Failed | Failure Voicemail Service Not Provide | Ringless | 0 |
| 3 | 12/20/23 09:10:17 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Failed | Failure Voicemail Service Not Provide | Ringless | 0 |
| 4 | 12/20/23 09:11:04 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Success | Delivered | Ringless | 2 |
| 5 | 12/20/23 09:13:23 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Failed | Failure Unable to Detect Voice Mail | Ringless | 0 |
| 6 | 12/20/23 09:10:22 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Success | Delivered | Ringless | 2 |
| 7 | 12/20/23 09:10:31 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Failed | Failure Voicemail Service Not Provide | Ringless | 0 |
| 8 | 12/20/23 09:12:58 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Failed | Failure Unable to Detect Voice Mail | Ringless | 0 |
| 9 | 12/20/23 09:11:07 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Success | Delivered | Ringless | 2 |
| 10 | 12/20/23 09:13:07 PM UTC | 24324 | Broadcast at Dec 20, 2023 9:14 AM | | | 19035024216 | | | Failed | Failure Unable to Detect Voice Mail | Ringless | 0 |

As this Court can see, the Defendant redacted and deleted from this report the "Contact Name" and "To Number" for the calls it sent. As the attached Declaration of Aaron Woolfson indicates, production of the *very numbers that Defendant called*, that is, the "To Number," is *essential* to Class Certification, because this information will reveal, primarily, which calls were made to cell phones *vis-à-vis* landlines, in violation of the TCPA, as well as the number of calls each class member received. There can be no legitimate reason to withhold such evidence from the Plaintiff, particularly because of its bearing on class certification.

The parties exchanged numerous meet and confer emails regarding these requests and others, which included a telephone call, as well as follow-up emails. The parties are at an impasse with the above request. As the email of Defendant's counsel, attached herein as Exhibit 2 indicates, Defendants are of the opinion that the Plaintiff is not entitled to seek this information, necessary for class certification, until class certification has occurred, a position which is manifestly inconsistent with this Court's previous order on the Plaintiff's previous motion to compel, as well as its order denying Defendant's bifurcation. There is only one discovery period and all discovery must be conducted during that period.

## STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure broadened the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense. . . . Information within this scope need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *McLeod, Alexander, Powel &*

*Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). With particular respect to the class action inquiry, as here, and as this Court has already noted, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' . . . and "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." ECF No. 38, p. 4-5 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351 (2011)). A defendant "may not avoid appropriate classwide discovery that is . . . necessary for a future class certification motion." *Id.* at p. 5.

## ARGUMENT

**1. The numbers Folsom called should be compelled in unredacted form in order for the Plaintiff to analyze the records for the purposes of class certification.**

This Court's previous two orders were clear: the Plaintiff cannot be precluded from seeking discovery that is obviously necessary for a future class certification motion. This Court twice considered–and rejected–Folsom's claim that the Plaintiff cannot "conduct discovery directed to absent class members." *Contra* ECF No. 38, p. 2, 3, 6 ("Folsom asks the Court to bifurcate and limit discovery into two phases – individual and class-based discovery – and allow for class-based discovery only if Bond's individual claims survive dispositive motions. . . . The issue before the Court is whether it should bifurcate and limit discovery into two phases – individual and class-based discovery. . . . For the reasons explained above, the Court denies Folsom's Motion to Bifurcate Discovery.") As this Court also noted, "bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification," the very type of argument that the Defendant uses here to justify withholding from the Plaintiff records of who Defendant called, on the specious basis that no class has yet

5

been certified. *Id.* p. 6. This Court must reject Defendant's justification from withholding the very telephone numbers it called and compel their unredacted production.

This Court has already held, twice, that the Plaintiff has a right to obtain records necessary to meet the rigorous analysis necessary for class certification, and that there is considerable overlap between discovery relevant to the Plaintiff's claims and the issues of class certification. The telephone numbers identifying who all Defendant called is necessary for two interrelated reasons at class certification. *First*, the numbers must be analyzed by the Plaintiff's expert, Aaron Woolfson, as he explains in his declaration, to determine which calls were sent to cell phones, and thus fall within the Plaintiff's stated class definition, as opposed to which calls were sent to other numbers, such as landlines, and thus are not in the Plaintiff's class definition. The only way to ascertain whether the Defendant called cell phones or not, and how many calls were placed, is to look at the data. As Mr. Woolfson explains:

> In advance of the analysis, I have identified deficiencies in call detail records ("CDR's") that have been produced so far. In specific, the telephone number on the call detail records is *redacted*, making it impossible to identify (a) which telephone numbers are wireless as of the date of the call and (b) which telephone numbers have been ported within fifteen (15) days of the call. . . . However, all of this depends upon one key item – the *telephone number* – the item that appears to have been redacted. Without the telephone number, I am unable to identify whether a telephone number had been wireless as of the date of the call, and whether the telephone number had been ported within fifteen (15) days of the call.

Woolfson Dec. ¶ 2, 27. As Mr. Woolfson succinctly concludes: "In order to complete my analysis, I will need to know the telephone number to which the calls were placed." *Id.* ¶31.

Indeed, as Courts have held when compelling the very same data this Court has already compelled:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The

6

> information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff's expert will determine which calls contain criteria which qualify them for membership in the class in order to prepare this case for class certification.

*Second*, the numbers must also be analyzed to determine how many calls each number received. Because the TCPA has a *per violation* statutory damages provision, 47 U.S.C. § 227(b)(3)(B), this Court will need to ascertain the size of the class and the potential statutory damages available to each class member at class certification. And, though Mr. Woolfson was able to ascertain that 124,430 calls were successfully delivered, *Id.* ¶ 30, Mr. Woolfson was unable to identify how many unique numbers those calls were delivered to (i.e. how many calls each class member received), further necessitating disclosure of the telephone numbers called.

In sum, the data will assist the Plaintiff in meeting his burden of demonstrating Rule 23's requirements and ascertaining who all is in and is not in the class. Determining whether or not a cell phone or other number for which the called party is charged received a call (as opposed to a landline), is central to the analysis of whether or not a called party is in the class. If a called party received a call to their cell phone number or number for which they are charged, they are in the class; if not, they are out. As such, this information bears on the Fifth Circuit's implied ascertainability requirement, as well as the Rule 23 requirements of commonality, typicality, and predominance. So too with the number of calls each telephone number received. This information will show numerosity, as well as the commonality between class members, and show how the class mechanism is superior and that no individualized issues predominate over classwide ones. As this Court has recognized, and as the Fifth Circuit has emphasized, in most

7

cases, "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977). In light of Rule 23's mandate to determine class certification at "an early practicable time," the district court must be permitted to limit precertification discovery to "evidence that, in its sound judgment, would be helpful or necessary to the certification decision." *Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974). The telephone numbers that the Defendant called would thus clearly be not only helpful, but centrally necessary, to the certification decision, as Mr. Woolfson himself explains.

Because this Court has twice held that the Plaintiff is entitled to information directed to potential class members in anticipation of a motion for class certification, and because the telephone numbers showing who all the Defendant contacted is central to that analysis, the Court should compel the Defendant to produce the redacted telephone numbers.

### 2. This Court should sanction Defendant under Rule 37(a)(5).

This Court twice warned the Defendant against the position it takes here. The Plaintiff is unquestionably entitled to something as basic as the telephone numbers the Defendant called in preparation of the Plaintiff's motion for class certification. This Court should order Defendant to pay the reasonable expenses, including Plaintiff's attorney's fees, and the costs of Mr. Woolfson's report thus far, in making that motion. "A finding of bad faith is not a prerequisite for the award of reasonable expenses under Rule 37(a)(5)(A)." *Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *3 (N.D. Tex. Jan. 6, 2023). To the contrary, an award of reasonable expenses is presumptively mandatory under the rule. *See, e.g., Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-2970-D, 2018 WL 11430844, at *2 (N.D. Tex. Sept. 24, 2018).

So too with the imposition of expenses, including Mr. Woolfson's expert witness expenses. Like the imposition of attorneys' fees, the imposition of expenses in making the instant motion is not dependent on a showing of willfulness or bad faith. Rather, expenses are mandatory under Rule 37 unless Plaintiff's failure to comply was substantially justified. *Nguyen v. Louisiana State Bd. of Cosmetology*, No. CV 14-80-BAJ-RLB, 2016 WL 3654393, at *2 (M.D. La. Jan. 5, 2016). "The burden is on the disobedient party to show that the otherwise mandatory award of expenses should not be made." *Blessey Marine Services, Inc. v. Jeffboat*, LLC, 2011 WL 3349844, at *6 (E.D. La. Aug. 3, 2011).

Here, there can be no argument that the Defendant's failure to respond was substantially justified, nor do the circumstances make an award of attorney's fees or expenses unjust. The Defendant readily obtained the records that this Court has held the Plaintiff is entitled to, was prepared to provide them to the Plaintiff, and then in a willful and deliberate action, redacted from the production the *very telephone numbers indicating who it called*, to which the Plaintiff is entitled. Defendant withheld and redacted this critical information that is central and necessary to class certification. In so doing, Defendant failed to comply with two court orders, justifying sanctions under both Rule 37(a)(5) and (b)(2). "It was not substantially justified in doing so and there are no other circumstances present in this case making an award of expenses against [defendant] unjust. Therefore, even if the full award of attorneys' fees was not mandated under Rule 37(a)(5)(A), it would be justified under Rule 37(b)(2)(C)." *Terra Partners v. Rabo AgriFinance, Inc.*, No. 2:08-CV-0194, 2009 WL 10689607, at *4 (N.D. Tex. Nov. 13, 2009).

Indeed, when approached in a meet and confer and subsequent correspondence regarding this very issue and the redaction of the telephone numbers that the Defendant called, as well as pointing out this Court's orders showing that this Plaintiff was so entitled to this information, the

9

Defendant persisted in its obstinacy and took the twice-rejected position, the very same position advanced in its motion for bifurcation, that the Plaintiff is not entitled to discovery into any absent class members prior to class certification. Because the Court already rejected this position when it partially granted the Plaintiff's previous motion to compel on similar grounds, and as it confirmed in its motion denying Defendant's requested bifurcation, Defendant has willfully disobeyed this Court's orders without justification, necessitating sanctions.

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion to compel should be granted and sanctions, in the form of attorneys' fees and costs, awarded.

RESPECTFULLY SUBMITTED AND DATED this May 19, 2025.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF CONFERENCE

We hereby certify that we conferred with counsel for Folsom, regarding the subject of this motion, which is opposed. The parties exchanged numerous meet and confer emails regarding these requests and others, which included a telephone call in May of 2025 attended by Anthony Paronich for Plaintiff and Yesha Patel for the Defendant Folsom, as well as follow-up emails including the above. An agreement could not be reached because the parties are at an impasse with respect to the subject matter of the motion, as confirmed through email correspondence dated May 8, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich

## CERTIFICATE OF SERVICE

We hereby certify that on May 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

*/s/ Anthony Paronich*
Anthony Paronich