IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CA No. 3:24-CV-02551-L |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM, and BERKSHIRE HATHAWAY HOMESTATE COMPANIES | § § § § § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF MOTION TO COMPEL FOLSOM INSURANCE AGENCY LLC TO PROVIDE DISCOVERY RESPONSES AND FOR SANCTIONS**

Defendant Folsom Insurance Agency, LLC ("Folsom Insurance") respectfully submits the following Response to Plaintiff's Motion and Brief in Support of Motion to Compel Folsom Insurance Agency LLC to Provide Discovery Responses and for Sanctions ("Motion to Compel").

**I.   Background Facts**

Plaintiff filed this class action lawsuit against Defendants based upon allegations Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(B) ("TCPA") by placing at least one prerecorded telemarketing call to Plaintiff's cellular number without his prior express written consent. *See* Plaintiff's First Amended Complaint – Class Action [Doc. 06] ("First Amended Complaint").

On August 19, 2024, Plaintiff served his First Set of Discovery to Folsom Insurance that included requests for production focused on class-wide discovery. This Court sustained Folsom Insurance's objections to Plaintiff's production requests seeking class-wide discovery and denied

Plaintiff's related Motion to Compel because the requests fell short of "Rule 34's reasonable particularity standard." *See* Court's December 23, 2024, Electronic Order [Doc. 28].

On December 24, 2024, Plaintiff served his Second Set of Discovery to Folsom Insurance seeking the production of "all telephone or call detail records of a communication sent using a ringless voicemail." *See* Plaintiff's Motion pg. 3.

On December 27, 2024, Defendants filed their Motion to Bifurcate Discovery seeking to bifurcate discovery into two phases—individual and class-based discovery.

On January 30, 2025, Folsom Insurance timely responded to Plaintiff's Second Set of Discovery, including the assertion of objections to Plaintiff's Request for Production No. 3 requesting "all telephone or call detail records of a communication sent using a ringless voicemail." This included objections the request was overbroad, not limited in time and scope, it failed to define terms "telephone or call detail records" or "communication," it sought information that is not relevant or proportional to the needs of the case. *See* Plaintiff's Motion pg. 3. Folsom Insurance also noted it had sought relief to bifurcate discovery, which was pending, and that the request sought proprietary and confidential information. *See id.*

On March 19, 2025, the Court entered a Memorandum Opinion and Order denying Defendants' Motion to Bifurcate Discovery. *See* Memorandum Opinion and Order [Doc. 38]. Contrary to Plaintiff's position, the Memorandum Opinion and Order did not, *sua sponte*, address Folsom Insurance's objections to Request for Production No. 3 in Plaintiff's Second Set of Discovery. *See id.*

Following the Court's Order, Folsom Insurance produced 163 files of redacted call data (redactions limited to contact name and number) in response to Plaintiff's Request for Production No. 3 based on the objections it had asserted in response to the request, as well as for the reasons outline below.

On May 19, 2025, Plaintiff filed his Motion to Compel arguing that he is entitled to unredacted call data. In the Motion to Compel, Plaintiff incorrectly claims Folsom Insurance has twice failed to follow this Court's Orders. Folsom Insurance has responded to Plaintiff's discovery requests in good faith and produced 163 excel spreadsheets of call data, and Folsom Insurance stands ready to engage in proper class-related discovery that is tailored to the Court's Rule 23 certification analysis. However, per Folsom Insurance's objections to Plaintiff's Request for Production No. 3, and as argued below, the information Plaintiff seeks is not limited in time and scope, it is vague, and the information sought is not relevant at this precertification stage. *See* Plaintiff's Motion [Doc. 43] pg. 3. Further, Plaintiff seeks sanctions in form of attorney's fees for filing the Motion to Compel, as well as the costs and expert fee for the same unsupported reason – that Folsom Insurance has twice disregarded this Court's Orders. Plaintiff, however, ignored this Court's outlined procedure in its Standing Orders regarding discovery disputes by filing the Motion to Compel.

**II.    Plaintiff's Motion to Compel Should be Stricken.**

On January 8, 2025, this Court entered a Standing Order on Discovery and Non-Dispositive Motions. *See* [Doc. 36]. The Standing Order encourages informal resolution of pretrial disputes in an efficient and cost-effective manner. The Order also asks the party to engage in a Pre-Motion Conference with the Court. Further, the Order requires Plaintiff to file any Motion to Compel or Sanctions through the Joint Report and Joint Appendix process. *See* [Doc. 36]. Plaintiff

disregarded and bypassed all these requirements when it filed the Motion to Compel. Thus, the Court should strike Plaintiff's Motion and the relief requested therein for failure to comply with the Court's Standing Order.

### III. Plaintiff's Motion to Compel Should be Denied.

This case is in the precertification stage. The only class-related matters arguably relevant at this time are those factors the Court would address under its Rule 23 certification analysis. Plaintiff goes beyond this scope in seeking production of putative class member's identity and telephone number. Unless the class is certified, such individualized discovery into putative class members' identity, telephone numbers, and claim is not only irrelevant but harassing. Folsom Insurance does not oppose reasonable discovery related to class certification, but the identity and telephone numbers Plaintiff seeks is far beyond matters relevant to the Court's class certification inquiry.

As the Supreme Court of the United States has provided, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). The "permissible scope of discovery during the precertification stage of a putative class action lawsuit is limited to matters relevant to the applicable class certification requirements under Federal Rule of Civil Procedure 23." *See Dockery v. Christopher Epps,* 3:13-cv-326-WHB-JCG, 2014 WL 12573328, at *4 (S.D. Miss. Oct. 29, 2014)(citing *In re Deepwater Horizon*, 739 F.3d at 798 (5th Cir. 2014)); *see also Larson v. Burlington N. & Santa Fe Ry. Co.,* 210 F.R.D. 663, 665 (D. Minn. 2002)(requiring completion of "discovery as to the claims of the four named-Plaintiffs, prior to extensive discovery on the merits of the 'class claims'"). For example, discovery into the identity of unnamed putative class members related to giving notice to the class (as opposed to certification issues) is not appropriate

precertification. *See Sanders*, 437 U.S. at, 353, 98 S.Ct. at 2390. Further, as the Supreme Court has held, an attempt "to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy'". *See id.* ("Respondents argued to the District Court that they desired this information to enable them to send the class notice, and not for any other purpose. Taking them at their word, it would appear that respondents' request is not within the scope of Rule 26(b)(1).").

Under these standards, Plaintiff's discovery into putative class member's identity is not relevant or appropriate. Plaintiff claims he seeks putative class members' identity and phone numbers to ascertain "who all is in and is not in the class." *See* Plaintiff's Motion [Doc. 43.] However, there has been no class certified. Thus, inquiry into which proposed class members are "in or out" of Plaintiff's proposed class definition is not within the scope of Rule 26(b)(1), nor is it relevant to the class certification requirements under Rule 23. Further, as the Fifth Court of Appeals has provided, "the court need not know the identity of each class member before certification." *See Frey v. First Nat. Bank Sw.*, 602 Fed. Appx. 164, 168 (5th Cir. 2015). (citing, William B. Rubenstein, Newberg on Class Actions § 3:3 (5th ed.2011).). Further, should the Court ultimately deny any motion for class certification filed by Plaintiff, discovery as to the merits of putative class members' claims would be unneeded and a waste of resources for all involved. *See Walker v. Alta Colleges, Inc.*, A-09-CV-894-LY, 2010 WL 2710769, at *9 (W.D. Tex. July 6, 2010) (while plaintiff conceded that putative class members' personally identifiable information was not yet relevant at the precertification stage, he argued that financial aid details would be relevant to damages. The court held that financial aid details of putative class members would only be relevant to show damages if and when a class is certified). Furthermore, Plaintiff would have access to this sensitive information regardless of whether the Plaintiff's defined class is ultimately certified. Contrary to Plaintiff's contentions, this information is not required for seeking class

certification. Thus, Plaintiff's motion to compel unredacted call logs with name and telephone numbers is without merit at this precertification stage.

Plaintiff further argues the information is needed because the number of calls each telephone number received is necessary for the numerosity requirement and to ascertain the size of the putative class. However, the damages available under the TCPA are determined per violation, not per individual. *See* 47 U.S.C. § 227(b)(3). The numerosity analysis requires an inquiry to determine if "the class is so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1). The identity and telephone numbers from Folsom Insurance's call logs are not relevant to this inquiry. Thus, the Court should deny Plaintiff's request for Folsom Insurance to produce unredacted name and telephone number call logs as Plaintiff has failed to show its relevance or its proportional need at this pre-certification stage.

Finally, Plaintiff generally argues that unredacted call logs are necessary for commonality and predominance requirement in anticipation of class certification without providing any support for this basis. Plaintiff also repeatedly states that he and his expert need to know everyone Defendant contacted as it is central to analysis of class certification but once again fails to provide support for this argument. Indeed, Plaintiff does not articulate how the information would be relevant to whether there are questions of law or fact common to the putative class members or whether the issues of law or fact common to the putative class members predominate over questions affecting only individual members. Thus, the Court should deny Plaintiff's Motion to produce unredacted telephone numbers.

### IV. The Court should Deny Plaintiff's Motion for Sanctions

Plaintiff requests sanctions in the form of attorney's fees and expert costs based on the contention that Folsom Insurance has failed to follow the Court's ruling twice. However, the

Electronic Order Plaintiff relies upon did not address the request for production currently at issue. Following the entry of the Memorandum Opinion and Order, Folsom Insurance produced the 163 Excel spreadsheets with call data. Certainly, Folsom Insurance has continually followed this Court's order, and is substantially justified in its response and objection to producing unredacted call data. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Thus, Plaintiff's request for sanctions is not warranted under the circumstances.

Additionally, Plaintiff is not entitled to sanctions because he failed to follow this Court's standing order in filing the Motion to Compel. Instead of using the efficient and cost-effective procedure to address its discovery concerns, Plaintiff simply filed the motion. Assessing sanctions against Folsom Insurance for Plaintiff's noncompliance of this Court's Standing Order would be unfair, and unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Solely for this reason, the Court should strike Plaintiff's Motion to Compel. Finally, Plaintiff claims Folsom Insurance should be required to pay the expenses of Plaintiff's expert, Mr. Woolfson, because Mr. Woolfson opines that he needs the telephone numbers as it is centrally necessary for certification. Mr. Woolfson provides no basis for his opinion. Instead, Mr. Woolfson admits he was "not retained in this matter to determine the legal standards of any court's decisions or their applicability to this case." *See* Plaintiff's Motion, Expert Declaration of Aaron Woolfson [Doc. 43-2] pg.1. While Mr. Woolfson repeatedly states that telephone numbers are necessary to determine cell phone numbers versus other numbers, Mr. Woolfson fails to show how this information is centrally necessary at this pre-certification stage. *See id.* Thus, Plaintiff argument that Mr. Woolfson's report was necessary for this Motion, or that Folsom Insurance should bear the expert's cost is without merit. Accordingly, the Court should strike and deny Plaintiff's Motion for Sanctions.

## V. Conclusion

For these reasons, Defendants Folsom Insurance Agency, LLC respectfully request that the Court deny Plaintiff's Motion to Compel Folsom Insurance Agency, LLC to Provide Discovery Response and For Sanctions, and deny requested sanctions, in form of attorney's fees and costs.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Jason R. Jobe*
Jason R. Jobe
State Bar No. 24043743
E-Mail: jjobe@thompsoncoe.com
Yesha P. Patel
State Bar No. 24098228
E-Mail: ypatel@thompsoncoe.com

Plaza of the Americas,
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
Telephone: 214-871-8200
Telecopy: 214-871-8209

**ATTORNEYS FOR DEFENDANTS FOLSOM INSURANCE AGENCY LLC, AND CODY FOLSOM**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 9th day of June, 2025.

By: */s/ Jason R. Jobe*
Jason R. Jobe