# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : : : : | CIVIL ACTION FILE NO. 3:24-CV-02551-L |
| Plaintiff, | : : | |
| v. | : : | |
| | : | **JURY TRIAL DEMANDED** |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM | : : : | |
| Defendants. | : : | |

**REPLY IN SUPPORT OF MOTION TO COMPEL FOLSOM INSURANCE AGENCY LLC TO PROVIDE DISCOVERY RESPONSESAND FOR SANCTIONS**

## INTRODUCTION

Defendant Folsom Insurance's response in opposition to the Plaintiff's second motion to compel does little to address the fact that it has acted in contravention of the explicit text of the Court's order denying bifurcation and in contravention of the spirit of the Court's order granting the Plaintiff's first motion to compel. Indeed, instead of attempting to justify actions which contravene justification, Folsom argues that it *technically* did not violate any Court order. But Rule 26 does not speak of technicalities, nor does Rule 37. The Plaintiff is plainly entitled to the telephone numbers that Folsom called as that is *the central fact* the Plaintiff will be required to demonstrate "predominate over any questions affecting only individual members" at class certification. As this Court has already held, the Plaintiff is entitled to that information. And given that this Court has so held, Folsom's nondisclosure is not substantially justified, and so the Court should grant the Plaintiff's requested sanctions.

## ARGUMENT

**1. Defendant Folsom refused to confer, necessitating an opposed motion.**

As Plaintiff's Local Rule 7.1(b) conferral certification indicates, Plaintiff's counsel did, in fact, send multiple meet and confer emails and have a telephone call with respect to the initial production. Then, on May 1, 2025, the Plaintiff's counsel received and reviewed the instant production, nothing Plaintiff's assumption that the "telephone numbers being redacted was in error. If not, please explain the basis," and the "need to address this discovery, which has been owed to us for a long time." Plaintiff's counsel followed up on that email correspondence twice to attempt to meet and confer, which efforts would have included preparation of the required joint report. However, Defendant's counsel has not responded, and to this day has not responded, to those emails.

As this Court's order states in relevant part:

> Parties or counsel cannot block another party from filing a non-dispositive motion by refusing or failing to make themselves available for a pre-motion conference on request or by failing to cooperate in the joint report's preparation or failing to sign the joint report or provide for signature by permission. After a reasonable effort, a party may file a non-dispositive motion with a joint report that includes whatever is available to the filing party and an explanation of the filing party's efforts to obtain the cooperation and input of the party or parties affected by the discovery-related or other non-dispositive motion.

Plaintiff's counsel has done so here, and attached the referenced three ignored email correspondences herein as Exhibit A.

### 2. The records of who Folsom called are necessary for class certification.

Folsom's contention it is reply that it "stands ready to engage in proper class-related discovery that is tailored to the Court's Rule 23 certification analysis" (Opp'n. at p. 3), rings hollow. This is especially the case here, where the Court has refused to bifurcate discovery, rendering the distinctions in the cases cited by Defendant irrelevant, as "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." MANUAL FOR COMPLEX LIT. 4TH § 21.14. The *very numbers that the Defendant called* are *the* central question to this Court's analysis at Class certification. As Plaintiff's expert explains, without knowing what numbers were called, he is unable to analyze the data to determine what *cell phone* numbers were called with prerecorded messages and thus permit the Court to determine whether any individualized issues predominate, as well as allowing the Court to assess other Rule 23 factors, such as typicality and numerosity. Not surprisingly, the Defendant's opposition doesn't include a competing affidavit from an expert (or anyone else) disputing this straight forward proposition. An analysis that relates to the type of telephone number called cannot be performed without that telephone number.

Simply put, Plaintiff cannot certify a TCPA class action without call records, and the Plaintiff is certainly unaware of any case where a TCPA class has been certified in the absence

of such records. Defendant has collected and turned over, but redacted, the very records the Plaintiff needs to certify the class, rendering the Defendant's only remaining objection as to burden, wholly unpersuasive.

Defendant's argument that the telephone numbers it contacted are irrelevant to the Rule 23 certification analysis borders on the frivolous. As at least one court has found with respect to an even *broader* request for production, "[the] information sought by [this Request] would be critical for Plaintiff to be able to bring the motion [for class certification] in the first place—a fact that Defendant does not appear to dispute." *Ryan v. Wilshire Law Firm, P.L.C.* No. 2:24-cv-08816-CV-MAR, ECF 37 (June 10, 2025). To add insult to injury, Folsom challenges the uncontroversial and well-accepted premise in TCPA class actions that the calling records *themselves* are centrally necessary and relevant to a class certification analysis. And this Court has already determined that the information the Plaintiff seeks is necessary for it to conduct the "rigorous" analysis it will be called upon to do so at class certification.

To further demonstrate why the information is critical and relevant to the analysis, the Plaintiff has retained an expert to analyze the calling data, including for the purposes of class certification. But Mr. Woolfson cannot analyze the data to show how many, or which, cell phone numbers were contacted with prerecorded messages in violation of the TCPA without knowing the numbers themselves. Thus, the telephone numbers are necessary to evaluate multiple of Rule 23's requirements such as predominance, typicality, and numerosity. And production of the numbers will also be used to demonstrate that any affirmative defenses, such as consent, can be adjudicated on a classwide basis, as the numbers Defendant called can be cross-referenced with the Defendant's consent evidence, thus showing that the existence of any putative consent would not be a barrier to class certification here.

Contrary to the Defendant's assertion, the Plaintiff is not attempting to seek "discovery into the identity of unnamed putative class members," and thus seeking irrelevant information at the certification stage. As an initial matter, this Court has refused to bifurcate discovery into any stages, let alone pre- and post-certification. Even so, a purported "class list" is still discoverable if it bears relevance to issues of class certification.[1] To be sure, the contested evidence here may identify class members, but it will also be relevant to proving Rule 23's requirements, including for the purposes of proving that the Plaintiff's proposed class definition is eminently certifiable because it meets Rule 23's requirements. *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 349 (2011) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."). Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

That the contested evidence here, the telephone numbers that the Defendant called, may *also* be used to identify class members at the post-certification and notification stages does not render it *irrelevant* for other class certification purposes, such as demonstrating Rule 23's elements, including the *factual underpinnings of the class claims*, that class members' *cell phones* were uniformly contacted in contravention of the TCPA. *Doherty v. Comenity Cap. Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (rejecting defendant's argument that motion to compel should be denied because plaintiffs' status as noncardholders rendered their claims atypical, and instead turning "to the proposed class

---

[1] *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *3 (N.D. Cal. Jan. 29, 2014). Evidence can be relevant as to *multiple* purposes, because the same evidence can demonstrate different facts of consequence. *See Distinguished Health Care v. Mt. Hawley Ins. Co.*, No. 1:09-CV-043-C, 2010 WL 11613935, at *1 (N.D. Tex. May 14, 2010).

definition, which does not distinguish between call recipients who are cardholders and noncardholders, to assess the relevancy of Plaintiffs' requests.").

Here, the proposed class definition, which this Court will use to assess relevancy of the challenged discovery at the class certification stage, asks whether class members were contacted with a prerecorded message to their "cellular telephone number or other number for which they are charged for the call." Thus, as Mr. Woolfson's declaration explains, determining whether class members' telephone numbers are cellular, and determining what a certified class would look like and whether such a class could and should be certified requires *knowing the numbers that were called*. And, in so doing, the Plaintiff will demonstrate that the proposed class can be certified, because such common facts would be proven through common evidence and demonstrably susceptible to classwide proof. In essence, the authorities Defendant cites to, including *Larson*, simply rehash the arguments this Court considered, and rejected, when it moved to bifurcate discovery into individualized merits and class discovery.

Defendant's other arguments, that the information is not necessary to prove numerosity, ascertainability, commonality, or predominance, are downright peculiar, because they run contrary to the wealth of authority holding that calling record information *is* necessary for *precisely those analyses*. *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (granting plaintiff's motion to compel responses to requests seeking "call lists or call data")[2]

---

[2] *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-CV-01308-GPC-MDD, 2018 WL 1791910 , at *4 (S.D. Cal. Apr. 16, 2018) (rejecting defendant's argument that "call lists" were irrelevant to TCPA claim); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229- SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (finding "call lists" and "dialing lists" were relevant to class certification inquiry in TCPA case); *Doherty*, *supra*, 2017 WL 1885677, at *4 (granting motion to compel production of "outbound dial lists"). "A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as the number and ascertainability of potential

6

The numbers defendant called are relevant to numerosity because neither the Plaintiff nor the Court know what the data show until they see the data itself. It is certainly possible that Defendant called non-protected lines, or called the same telephone numbers thousands of times. It's possible that Defendant "failed" to contact some numbers only to try again and again and eventually succeed. It's similarly possible that the redacted records contain some invalid telephone numbers, explaining why such calls would have "failed" to send as an initial matter. Without the production of the telephone numbers, however, neither this Court nor the Plaintiff's expert will be able to analyze the data and make an informed showing on a comprehensive factual record. Without being able to associate the records produced with the telephone numbers called, the Court cannot make an informed numerosity and ascertainability determination.

Nor will the Court be able to make an appropriate determination of commonality or predominance on a full factual record without production of the numbers Defendant called, either. A determination of commonality requires evaluation of the call record evidence itself. *Webb*, 2014 WL 325132, at *3 (holding magistrate judge appropriately compelled production of an outbound dialing list as relevant to commonality). Here, the Plaintiff and all class members assert a common claim, founded in the same legal theory, that their *cell phones* and other protected lines received prerecorded calls. Given that the Plaintiff's and class members' legal theory is couched on the *type of phone service they had*, determining whether they had such phone service, through analysis of common evidence, will be central to the commonality requirement. *See Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 491–92 (N.D. Ill. 2015) ("Kolinek's claim that Walgreens violated the TCPA when it placed a prerecorded prescription reminder call

---

class members." *Stemple v. QC Holdings, Inc.*, No. 12-CV-1997-CAB WVG, 2013 WL 10870906, at *2 (S.D. Cal. June 17, 2013) (cleaned up).

7

to his cellular phone satisfies Rule 23(a)'s typicality requirement because the class consists of all persons who received such calls.").

And the information will also be relevant in demonstrating that any of the Defendant's affirmative defenses, such as consent, can be adjudicated on a classwide basis, including on predominance and commonality grounds. *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) (holding that the affirmative defense of consent does not defeat predominance when the "question of consent presented would not require individual evidence."). Of course, it is axiomatic that demonstrating that the evidence is common and that no individualized questions predominate necessitates an analysis of the evidence itself. Indeed, in *Kavu v. Omnipak Corp.*, the court held that the commonality requirement was satisfied when it considered listings of recipients' contact information on third-party database. *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007).

As such, there is no question that the Court should compel production of the telephone numbers the Defendant called so that they can be analyzed, including to see which cell phones were contacted with prerecorded messages, to demonstrate that Rule 23's requirements are satisfied. Indeed, this Court has already done so in prior orders.

### 3. Defendant has not met its burden of demonstrating substantial justification, warranting sanctions.

This Court twice warned the Defendant against the position it takes here. As Plaintiff notes (only because Defendant brought it up), Defendant refused to confer on the specific issue of the redaction of the phone numbers, despite multiple emails from Plaintiff's counsel, which were simply not responded to. Defendant actively went out of its way to disregard this Court's order regarding bifurcation of relevant classwide calling data and instead preferred to adopt its own quasi-bifurcation by withholding and redacting from the Plaintiff data that the Plaintiff's

8

expert has declared would be necessary to prepare a report in anticipation of a motion for class certification, as well as the certification motion itself. Again, the Defendant did not offer an affidavit of a competing expert (or anyone else) to claim that providing such information was not necessary. In essence, Defendant is deliberately attempting to sabotage the Plaintiff's motion for class certification before it even gets off the ground by withholding evidence necessary to make such an effective motion on a full record.

There is *nothing* "substantially justified" about redacting the *very phone numbers* the Defendant called in a TCPA case, which the Plaintiff has already stated, and demonstrated through declaration, is necessary to build up a motion for class certification as an initial matter. For that matter, Defendant cannot come up with any contrary expert, proposal, or reason for how it expects the Plaintiff to certify a class definition for calls to cell phones when the Defendant has refused to identify what calls it placed to cell phones. This is doubly so after the *Court refused to permit the Defendant's requested bifurcation* and the Defendant undertook a bifurcation of its own anyway, in contravention of this Court's order, as Defendant's very motion makes clear. *E.g.*, Opp'n. at p. 5 (effectively conceding that it would produce the telephone numbers after a class is certified, which is just another form of bifurcation rejected by the Corut). And this is triply so after the Defendants refused to adequately meet and confer on this issue. (Exhibit A).

To be sure, the Defendant violated the spirit of the Court's Orders. Nevertheless, the Court is constrained by the requirements of Rules 37(a)(5) and (b)(2), neither of which require a showing of wilful disobedience or bad faith. *Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *3 (N.D. Tex. Jan. 6, 2023). Rather, the non-moving party must meet its burden of showing that its actions were substantially justified to negate the mandatory imposition of sanctions. *Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-2970-D,

2018 WL 11430844, at *2 (N.D. Tex. Sept. 24, 2018). No part of Defendant's reply even makes so much as an *attempt* to outline why its actions were justified other than the conclusory statement that they were. Defendant's reply, in either section, cites to no case law, particularly in the TCPA context, outlining why its actions could possibly have been justified. To the contrary, they were clearly *un*justified. That warrants the imposition of the Plaintiff's requested sanctions. *Newman v. AECIQ*, No. 2:24-CV-1204 WBS AC, 2025 WL 1592834, at *2 (E.D. Cal. June 5, 2025) (inviting Plaintiff's counsel to request sanctions in connection with similar objections and refusals to provide "information, in a putative class action about calls that violate the TCPA, about defendant's outbound calls."). Indeed, courts have awarded sanctions in a TCPA case for the failure to produce calling data and related positions that were not justified. *See e.g. Simmons v. WP Lighthouse LLC*, Civil Action No. 24-cv-1602, ECF No. 34 (S.D. Ind.) (April 22, 2025) ("ORDER granting Motion to Compel: Plaintiff is ORDERED to submit a motion for attorney fees within fourteen (14) days of this Order, detailing her fees and costs incurred in bringing the Motion to Compel. Defendant shall have until on or before May 16, 2025, to show cause why Defendant, Defendant's counsel, or both should not be required to pay the costs and fees incurred by Plaintiff."). And the payment of Mr. Woolfson's expenses is similarly justified, as Mr. Woolfson's declaration explains to the Court how and why the telephone numbers, in particular, must be analyzed to determine whether they are cell phones, consistent with the Plaintiff's class definition. There can be no question that the Defendant has not met its burden of demonstrating why its actions were justified and sanctions should be awarded.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to compel should be granted and sanctions, in the form of attorneys' fees and costs, awarded.

RESPECTFULLY SUBMITTED AND DATED this June 15, 2025.

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com
>
>*/s/ Anthony Paronich*
>Anthony Paronich
>Email:  anthony@paronichlaw.com
>PARONICH LAW, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone:  (617) 485-0018
>Facsimile:  (508) 318-8100
>*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

We hereby certify that on June 15, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

>*/s/ Anthony Paronich*
>Anthony Paronich

11