**IN IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | 3:24-CV-02551-L |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM | : | |
| | : | |
| | : | |
| Defendants. | : | |

**SUPPLEMENTAL DECLARATION OF ANDREW ROMAN PERRONG**
**IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Andrew Roman Perrong, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is Andrew Roman Perrong. I am over twenty-one years of age and am competent to make the statements contained in this declaration. Except where otherwise indicated, I make these statements based on my personal knowledge and on the files, records, and discovery materials in this matter maintained by my firm in the ordinary course of its practice.

2.      I am counsel of record for Plaintiff Joseph Bond and the proposed Settlement Class, and I am admitted to practice before this Court.

3.      I previously submitted a declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). *See* ECF No. 55-3. I incorporate that declaration by reference. I submit this supplemental declaration to place before the Court evidence supporting the factual assertions made in the Motion, as the Court directed at the hearing held on July 21, 2026.

1

4.      At that hearing, the Court observed that the Motion addresses the applicable Rule 23(a), Rule 23(b)(3), and Rule 23(e) factors, but noted that the only evidence submitted in support of the Motion beyond the Settlement Agreement itself consisted of the declarations of counsel. The Court invited Plaintiff to supplement the record with evidence supporting the remaining factual assertions in the Motion, and directed that such evidence be submitted by supplemental declaration following the hearing.

5.      Counsel for Defendants stated on the record at the July 21, 2026 hearing that Defendants do not oppose the Motion and do not object to the submission of the evidence attached to this declaration.

6.      Attached as Exhibit A is a true and correct copy of the expert report of Aaron Woolfson, which Plaintiff served in this action and which Plaintiff offered at the July 21, 2026 hearing.

7.      Plaintiff retained Mr. Woolfson to analyze the calling records Defendants produced in discovery, in order to identify the recipients of the prerecorded voice calls and voicemails at issue in this action and to determine which of the called telephone numbers were assigned to cellular telephone service at the time of the call.

8.      Mr. Woolfson's analysis rests on Defendants' own business records, specifically, the calling data Defendants produced in this litigation.

9.      As set forth in his report, Mr. Woolfson reviewed files containing 232,941 call records reflecting calling activity between November 9, 2023 and January 22, 2024.

10.      Mr. Woolfson identified 41,719 unique cellular telephone numbers within that calling data. Those 41,719 numbers correspond to the Settlement Class as defined in the Settlement

Agreement, and constitute the list to which the Claims Administrator will direct notice of the Settlement.

11.     The exhibits to Mr. Woolfson's report include the complete list of the telephone numbers identified through this analysis. As this list is quite large, consisting of hundreds of pages, and consists of each class member's confidential information, to wit, their telephone number, the actual list is not attached to this Declaration. Plaintiff is prepared to lodge the list in its original Excel format for review and under seal if ordered to do so by the Court.

12.     I note one correction to the Motion. The Motion states that the parties estimate the Settlement Class includes approximately "41,179" members. *See* ECF No. 55 at 6 (PageID 370). That figure is a typographical error. The correct figure, as reflected in Mr. Woolfson's report and as used throughout the remainder of the Motion, is 41,719.

13.     Attached as Exhibit B is a true and correct copy of the insurance policy Defendants produced to Plaintiff in their initial disclosures in this action.

14.     Based on Defendants' discovery responses and productions in this action, and on the representations of defense counsel during the litigation and settlement negotiations, the policy attached as Exhibit B is the only insurance policy applicable to the claims asserted in this action.

15.     The policy provides a limit of $1,000,000 applicable to class action liability under the Telephone Consumer Protection Act. The policy is an eroding, that is, a "wasting," policy, meaning that defense costs incurred in the litigation reduce the limits of coverage available to satisfy any judgment or settlement.

16.     Because the policy erodes as defense costs are incurred, every dollar expended in the continued defense of this action reduces the amount available to compensate the Settlement

3

Class. Continued litigation would therefore have diminished, not increased, the funds realistically available for any classwide recovery.

17.    Plaintiff served a demand pursuant to *G.A. Stowers Furniture Co. v. American Indemnity Co.*, seeking the remaining limits of the eroding policy. Defendant's insurer has agreed to settle for the amount remaining, pursuant to that *Stowers* demand.

18.    Based on the discovery produced in this action, Defendant Folsom Insurance Agency LLC is a small insurance agency that employs few agents, and Defendants do not have access to substantial assets beyond the eroding policy from which a classwide judgment could be satisfied.

19.    Taken together, the $1,000,000 eroding policy limit, the erosion of that limit through more than a year of contested litigation, and Defendants' limited independent resources establish that the $850,000 non-reversionary Settlement Fund represents a recovery at or near the maximum amount realistically collectible on behalf of the Settlement Class.

20.    Plaintiff filed this action in 2024. The parties thereafter engaged in approximately one year of active discovery.

21.    During that discovery, the parties exchanged multiple sets of discovery, engaged in discovery motions practice, and obtained the records that formed the basis of Mr. Woolfson's analysis outlined above.

22.    Plaintiff retained Mr. Woolfson to analyze Defendants' calling data both to support a contested motion for class certification, to identify class members for notice purposes had the Court certified a litigation class, as well as for settlement purposes.

23.     As a result of this work, at the time the parties reached agreement, counsel had a developed understanding of the size and composition of the proposed class, the evidentiary strength of Plaintiff's claims, the defenses Defendants would assert, and the practical limits on any recovery. Counsel therefore had an adequate appreciation of the merits of the case before negotiating the Settlement.

24.     In December 2025, the parties participated in a mediation before John Brookman, an experienced neutral.

25.     The negotiations were conducted at arm's length and were at all times adversarial. The parties were represented throughout by experienced counsel.

26.     Class Counsel's request for fees, costs, and an incentive award will be submitted by petition and is subject in all respects to this Court's approval, and Defendants have made no agreement to refrain from opposing any such request.

27.     No portion of the Settlement Fund reverts to Defendants under any circumstance, other than in the event the Settlement is terminated or fails to become effective.

28.     Throughout this litigation, Defendants asserted defenses that, if accepted, and although disputed, presented a genuine risk of substantially reducing or eliminating any recovery for the proposed class. Plaintiff disputes these defenses and believes they would ultimately have been unsuccessful. But their resolution would have required contested class certification briefing, summary judgment practice, trial, and in all likelihood an appeal, all while the eroding policy that constitutes the principal source of recovery continued to be depleted by defense costs.

29.    Under the Settlement Agreement, Defendants will create a non-reversionary common fund of $850,000. Measured against the 41,719 members of the Settlement Class, the gross fund represents approximately $20.37 per class member.

30.    Class Counsel anticipates petitioning this Court for the following amounts, each of which will be paid from the Settlement Fund and each of which is subject to this Court's approval:

a.    attorneys' fees not to exceed one-third of the Settlement Fund;

b.    reimbursement of litigation costs and expenses not to exceed $35,000 and;

c.    an incentive award to Plaintiff Joseph Bond in the amount of $10,000.

31.    The costs of notice and claims administration will also be paid from the Settlement Fund. Based on the estimate provided by the Claims Administrator, Angeion Group, those costs are expected to be approximately $77,589.00

32.    Each Settlement Class Member who submits an approved claim will receive a *pro rata* share of the net Settlement Fund. Settlement Class Members are limited to a single claim, regardless of how many prerecorded voice calls or voicemails they received.

33.    Based on historical claims rates in comparable TCPA class settlements, and assuming a high claims rate of approximately ten percent, I estimate that each participating Settlement Class Member would receive approximately $100. This is consistent with the estimate I provided to the Court at the July 21, 2026 hearing. At a claims rate in the range of five to nine percent, which is more typical, the per-claimant recovery would fall within the range of approximately $125 to $200 stated in the Motion.

34.    A recovery in this range meets or exceeds the per-claimant recoveries approved in comparable TCPA class settlements, as set forth in the Motion.

6

35.     If funds remain in the Settlement Fund after initial settlement checks are voided for non-deposit, and if the remaining amount is sufficient to issue second checks of at least $5.00 to each Settlement Class Member who cashed an initial check, the Claims Administrator will make a second *pro rata* distribution to those class members. Only funds remaining after that second distribution will be paid as a *cy pres* award to the National Legal Aid and Defender Association, subject to this Court's approval.

36.     The Settlement treats Settlement Class Members equitably. All class members assert the same claim arising from the same course of conduct, each participating class member recovers on the same *pro rata* basis, and the release operates identically as to every class member.

37.     The parties have retained Angeion Group, an experienced third-party claims administrator, to administer notice and claims. Angeion Group will identify and verify contact information associated with the 41,719 telephone numbers identified in Mr. Woolfson's report, update addresses through the National Change of Address database, and mail a postcard notice with a detachable claim form to each identified class member. Angeion Group will also establish a dedicated settlement website and a toll-free telephone line.

38.     Plaintiff Joseph Bond has been actively involved in this litigation from the outset. He has communicated regularly with counsel, remained informed regarding the progress of the case, participated in discovery, and made the decisions required of him with the interests of the proposed class in mind.

39.     My qualifications and those of my co-counsel, Anthony Paronich, are set forth in our previously filed declarations. Mr. Paronich has been appointed class counsel in more than fifty TCPA class actions. Neither firm has any known conflict with the proposed Settlement Class.

40.     In my opinion, informed by the discovery conducted in this case, the analysis performed by Mr. Woolfson, the eroding policy that constitutes the principal available source of recovery, and the defenses Defendants asserted, the Settlement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 30th day of July, 2026, in the United States of America:

_____

Andrew Roman Perrong
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
*Attorney for Plaintiff and the Proposed Class*

8