**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM<br><br>Defendants. | : | CIVIL ACTION FILE NO. 3:24-CV-02551-BN<br><br>JURY TRIAL DEMANDED |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This Court is advised that the parties to this action, Joseph Bond ("Plaintiff") on behalf of himself and others similarly situated and Folsom Insurance Agency LLC and Cody Folsom ("Defendants") through their respective counsel, have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), ECF No. 55. On July 21, 2026, the Court held an in-person hearing on the Motion. *See* ECF Nos. 61, 62. At that hearing, Plaintiff offered, and Defendants stated on the record that they did not oppose, additional evidence in support of the Motion, which Plaintiff thereafter submitted by supplemental declaration together with the Expert Report of Aaron Woolfson and Defendants' insurance policy. The parties consented to the undersigned Magistrate Judge conducting all further proceedings in this case, including entry of final judgment, under 28 U.S.C. § 636(c). *See* ECF Nos. 59, 60.

Based on the Agreement; the Motion; the declarations of Anthony Paronich (ECF No. 55-2) and Andrew Roman Perrong (ECF No. 55-3); the Supplemental Declaration of Andrew Roman Perrong (ECF No. 65) ("Supp. Perrong Decl.") and the exhibits thereto, including the Expert Report of Aaron Woolfson (ECF No. 65-1) and Defendants' insurance policy; the transcript of the July 21, 2026 hearing; and all of the files, records, and proceedings in this matter, and upon preliminary examination, the Court finds that it will likely be able to certify the settlement class for settlement purposes and to approve the proposed settlement as fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(1)(B). A final fairness hearing will be held, after notice to the settlement class members, to determine whether the settlement is fair, reasonable, and adequate, and whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, the Parties have served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides. *See* Agreement § 6.

This Court grants the Motion [Dkt. No. 55] and preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whose cellular telephone number or other number for which they are charged for a call or voicemail (2) that Cody Folsom and/or Folsom Insurance Agency, LLC (or an agent acting on their behalf) placed a call and/or a voicemail to (3) between February 29, 2020, through the date of preliminary approval (4) using an identical or substantially similar pre-recorded message used to place

telephone calls and/or voicemails to Plaintiff (5) as included in the 41,719 phone numbers identified in the Expert Report of Aaron Woolfson.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Anthony I. Paronich of Paronich Law, P.C. and Andrew Roman Perrong of Perrong Law LLC as class counsel for the settlement class. Fed. R. Civ. P. 23(g). In making this appointment, the Court has considered the work counsel performed in identifying and investigating the claims in this action, counsel's experience in handling class actions and claims under the Telephone Consumer Protection Act, counsel's knowledge of the applicable law, and the resources counsel committed to representing the class. *See* Paronich Decl., ECF No. 55-2; Perrong Decl., ECF No. 55-3; Supp. Perrong Decl., ECF No. 65.

This Court preliminarily finds, for settlement purposes, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A. The settlement class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff's retained expert's analysis of Defendants' calling records, produced by Defendants in discovery, identified 41,719 unique cellular telephone numbers to which the prerecorded voice messages at issue were delivered. *See* Expert Report of Aaron Woolfson (Supp. Perrong Decl. Ex. A); Supp. Perrong Decl., ECF No. 65-1.

B. Common questions of law and fact exist as to each settlement class member. Fed. R. Civ. P. 23(a)(2). Chief among them is whether Defendants delivered an artificial or prerecorded voice message to the class members' cellular telephone numbers without the prior express consent required by 47 U.S.C. § 227(b)(1)(A), a question that can be resolved for the entire class in one stroke on the basis of Defendants' records, consisting of confidential call logs, which Defendants produced in this litigation and which were analyzed by Plaintiff's expert, Aaron Woolfson. *See* Expert Report of Aaron Woolfson; Supp. Perrong Decl. ¶¶ 7-10, ECF No. 65-1.

C. Plaintiff's claims are typical of the claims of the settlement class members. Fed. R. Civ. P. 23(a)(3). Plaintiff received the same or a substantially similar prerecorded voice message, delivered through the same calling campaign, as every other member of the settlement class, as demonstrated through the records Defendants produced in discovery and which Aaron Woolfson analyzed. *See* Expert Report of Aaron Woolfson; Supp. Perrong Decl. ¶¶ 7-10, ECF No. 65-1.

D. Plaintiff and class counsel will fairly and adequately protect the interests of all settlement class members. Fed. R. Civ. P. 23(a)(4). Plaintiff has remained actively involved in the litigation, participated in discovery, communicated regularly with counsel, and has no interest antagonistic to the class. Class counsel are experienced in the prosecution of class actions under the Telephone Consumer Protection Act and know of no conflict with the settlement class. *See* Paronich Decl., ECF No. 55-2; Perrong Decl., ECF No. 55-3; Supp. Perrong Decl. ¶¶ 38-39, ECF No. 65.

E. Questions common to settlement class members predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). Liability turns on a uniform course of conduct provable through class-wide documentary evidence,[1] namely Defendants' calling records. Liability does not turn on member-by-member inquiry. Prior express consent is an affirmative defense as to which Defendants bear the burden, and the record before the Court discloses no consent evidence that would require individualized proof. *See* Expert Report of Aaron Woolfson; Supp. Perrong Decl. ¶¶ 7-11 ECF No. 65-1.

[1] The aforementioned evidence was produced by the Defendants in this litigation in the form of various spreadsheet files that were analyzed by Mr. Woolfson. The underlying evidence was not attached to the Revised Declaration owing to confidentiality concerns. There is no dispute as to the source of the data analyzed by Mr. Woolfson, and the Court has been given the opportunity to review the underlying evidence *in camera*.

F. A class action is superior to other available methods for the fair and efficient adjudication of this matter. Fed. R. Civ. P. 23(b)(3). The individual claims are of modest value relative to the cost of individual litigation, most class members are unlikely to be aware of their rights, and the principal available source of recovery is a single eroding liability policy that would be further depleted by individual actions. Because the class is certified for settlement purposes, questions of manageability at trial do not bear on this finding. *See* Defendants' Insurance Policy (Supp. Perrong Decl. Ex. B, ECF No. 65-2.); Supp. Perrong Decl. ¶¶ 15-19, ECF No. 65.

This Court also preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

This Court also considered the following factors in preliminarily finding that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A) whether Plaintiff and class counsel have adequately represented the class;

(B) whether the proposal was negotiated at arm's length;

(C) whether the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator, Angeion Group, will administer the settlement and distribute notice of the settlement to the settlement class members. Angeion Group will be responsible for mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the $850,000 common fund. The Court appoints Angeion Group as the Claims Administrator. Based on Angeion Group's estimate, the costs of notice and administration are expected to be approximately $77,589.00. *See* Supp. Perrong Decl. ¶¶ 31, 37, ECF No. 65.

This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B).

This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notice to the settlement class members as expeditiously as possible, but in no event later than thirty (30) days after this Court's entry of this order, *i.e.*, **October 15, 2026**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than sixty (60) days after this Court's entry of this order, *i.e.*, no later than **November 16, 2026**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendants demonstrating membership in the settlement class, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Bond v. Folsom Insurance Agency* action." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach a copy of the power of attorney authorizing that signature. A settlement class member may exclude himself or herself on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of settlement class members or multiple settlement class members are not allowed, and will not be permitted by the Court.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within sixty (60) days after this Court's entry of this order, *i.e.*, no later than **November 16, 2026**. Further, any such settlement class

member must, within the same time period, provide a copy of the written objection to:

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Jason Jobe
Thompson Coe
700 North Pearl Street, 25th Floor
Dallas, TX 75201
Tel: 214-871-8297
jjobe@thompsoncoe.com

United States District Court for the Northern District of Texas – Dallas Division
1100 Commerce Street
Room 1544
Dallas, Texas 75242

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

a. Full name;

b. Address;

c. Telephone number to which Defendants placed a subject artificial or prerecorded voice call to demonstrate that the objector is a member of the settlement class;

d. A statement of the objection;

e. A description of the facts underlying the objection;

f. A description of the legal authorities that support each objection;

g. A statement noting whether the objector intends to appear at the fairness hearing;

h. A list of all witnesses that the objector intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

i. A list of exhibits that the objector intends to present at the fairness hearing; and

j. A signature from the objecting settlement class member.

Any settlement class member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses.

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded themself from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

This Court will conduct an in-person final fairness hearing on **Tuesday**, **December 29, 2026 at 10:00 a.m.**, in Courtroom 1561 at the United States District Court for the Northern District of Texas – Dallas Division, 1100 Commerce Street, Dallas, Texas 75242, or on such other date, time, and place as the Court may direct. The final fairness hearing will be set no earlier than one hundred five (105) days after entry of this Order, so that the deadlines for claims, exclusions, and objections will have passed and the parties will have had an opportunity to respond to any objection. At the hearing, the Court will determine:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this

Court;

C. Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D. To discuss and review other issues as this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than fourteen (14) days before the final fairness hearing, *i.e.*, no later **December 15, 2026**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must be filed with this Court no later than forty (40) days after this Court's entry of this Order, *i.e.*, no later than **October 26, 2026**.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms. Certain events described in the Agreement, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

This Court sets the following schedule:

| | |
|---|---|
| **September 15, 2026**: | Order Preliminarily Approving the Settlement Entered |
| **October 15, 2026**: | Defendants to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement) |
| **October 15, 2026**: | Notice Sent (thirty days after entry of Order Preliminarily Approving the Settlement) |
| **October 26, 2026**: | Attorneys' Fees Petition Filed (forty days after entry of Order Preliminarily Approving the Settlement) |
| **November 16, 2026**: | Deadline to Submit Claims, Send Exclusion, or File Objection (sixty days after entry of Order Preliminarily Approving the Settlement) |
| **December 15, 2026**: | Motion for Final Approval Filed (fourteen days before final fairness hearing) |
| **December 22, 2026**: | Deadline for the parties to respond to any objection (seven days before final fairness hearing) |
| **December 29, 2026 at 10:00am**: | Final Fairness Hearing |

IT IS SO ORDERED.

Dated: September 15, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE