**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM<br><br>Defendants. | : | CIVIL ACTION FILE NO. 3:24-CV-02551-BN<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S UNOPPOSED MOTION AND BRIEF IN SUPPORT FOR AN AWARD OF ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES, AND SERVICE AWARD**

**Contents**


Introduction ..................................................................................................... 1

Argument ......................................................................................................... 3

Class Counsel's Request for Attorneys' Fees Is Reasonable Under the Percentage of the Fund Method. ........................................................................................................... 3

A. A Benchmark Attorneys' Fee Award of One-Third of the Common Fund Is Appropriate.4

B. The *Johnson* Factors Support an Award of Attorneys' Fees in the Amount of One-Third of the Common Fund. .................................................................................. 7

1. Class Counsel Obtained an Excellent Result for the Settlement Class.......................... 8

2. The Time and Labor Required to Resolve This Matter Were Significant................... 10

3. The Questions Presented Were Difficult and Required Substantial Litigation Effort.. 11

4. Class Counsel Relied on Particular Skill and Experience in Performing the Required Legal Services. ........................................................................................ 12

5. Acceptance of This Matter Required Class Counsel to Commit Substantial Resources and Precluded Other Employment. .............................................................. 12

6. One-Third of the Common Fund Is a Customary Fee in Comparable TCPA Class Actions. ............................................................................................... 13

7. Class Counsel Litigated This Matter on a Contingent Basis. ...................................... 14

8. The Amount Involved and Results Obtained Support the Requested Award.............. 14

9. The Experience, Reputation, and Ability of Class Counsel Support the Requested Award.................................................................................................... 15

10. The Risks and Undesirability of the Litigation Further Support the Requested Award.16

C. Class Counsel's Request for Reimbursement of Litigation Costs and Expenses in the Amount of $19,779.52 Is Reasonable and Justified. ................................................ 18

D. Plaintiff's Request for a Service Award in the Amount of $7,500 Is Justified. ............... 19

CERTIFICATE OF SERVICE .................................................................................. 23

**Table of Authorities**


**Cases** **Page(s)**

*Accounting Outsourcing, L.L.C. v. Verizon Wireless Pers. Commc'ns, L.P.*, No. CIV. A. 03-CV-161, 2007 WL 7087615 (M.D. La. Aug. 2, 2007) ....................5, 13

*Al's Pals Pet Care v. Woodforest Nat'l Bank, N.A.*, No. 4:17-CV-3852, 2019 WL 387409 (S.D. Tex. Jan. 30, 2019) ....................4

*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006)....................16

*Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457 (S.D. Fla. 2002) ....................11

*Been v. O.K. Indus., Inc.*, No. CIV-02-285-RAW, 2011 WL 4478766 (E.D. Okla. Aug. 16, 2011) ....................17

*Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990)....................14

*Blanchard v. Bergeron*, 489 U.S. 87 (1989) ....................3

*Blum v. Stenson*, 465 U.S. 886 (1984) ....................3

*Burford v. Cargill, Inc.*, No. 05-0283, 2012 WL 5471985 (W.D. La. Nov. 8, 2012)....................4

*Charvat v. Valente*, No. 12-CV-05746, 2019 WL 5576932 (N.D. Ill. Oct. 28, 2019) ....................13

*City of Omaha Police & Fire Ret. Sys. v. LHC Grp.*, No. CIV. 6:12-1609, 2015 WL 965696 (W.D. La. Mar. 3, 2015) ....................18

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2008 WL 11234103 (N.D. Ga. Mar. 4, 2008)....................16

*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998) ....................20

*Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-CV-25-RSB-CLR, 2025 WL 502089 (S.D. Ga. Feb. 13, 2025) ....................6, 13

*Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367 (N.D. Ill. Mar. 23, 2015)....................21

*Di Giacomo v. Plains All Am. Pipeline*, No. CIV.A.H-99-4137, 2001 WL 34633373 (S.D. Tex. Dec. 19, 2001) ....................3

*Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803 (W.D. Tex. 2006)....................14

*Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-1152-M, 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018)....................4, 13

*Fairway Med. Ctr., L.L.C. v. McGowan Enters., Inc.*, No. CV 16-3782, 2018 WL 1479222 (E.D. La. Mar. 27, 2018)....5, 13

*Giles v. Gen. Elec. Co.*, 245 F.3d 474 (5th Cir. 2001)....8

*Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 1:18-CV-20048-DPG, 2019 WL 2249941 (S.D. Fla. May 24, 2019)....6, 13

*Hanley v. Tampa Bay Sports & Entm't LLC*, No. 8:19-CV-550, 2020 WL 2517766 (M.D. Fla. Apr. 23, 2020)....13

*Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935 (D. Minn. 2016)....9

*Hill v. Hill Bros. Constr. Co.*, No. 3:14-CV-213-SA-RP, 2018 WL 280537 (N.D. Miss. Jan. 3, 2018)....5

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)....11

*In re Combustion, Inc.*, 968 F. Supp. 1116 (W.D. La. 1997)....5, 7

*In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732 (S.D. Tex. 2008)....3

*In re EZCORP, Inc. Sec. Litig.*, No. 1:15-CV-00608-SS, 2019 WL 6649017 (W.D. Tex. Dec. 6, 2019)....5

*In re Harrah's Entm't, Inc.*, No. CIV. A. 95-3925, 1998 WL 832574 (E.D. La. Nov. 25, 1998)....4, 8

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040 (S.D. Tex. 2012)....20

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007)....18

*In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178 (D.N.M. 2012)....16

*Jefferson Radiation Oncology, L.L.C. v. Advanced Care Scripts, Inc.*, No. CV 15-1399, 2016 WL 9446129 (E.D. La. Dec. 6, 2016)....5, 13

*Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291 (S.D. Miss. 2014)....5, 20

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)....3, 7

*Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130-PJK-GBW, 2015 WL 5704016 (D.N.M. Sept. 23, 2015)....21

*Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2014 WL 7332551 (N.D. Tex. Nov. 12, 2014), report and recommendation adopted as modified, 2014 WL 7336889 (N.D. Tex. Dec. 24, 2014) ....................4, 8

*Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N.D. Ill. 2015) ....................6, 9

*Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2019 WL 7066834 (M.D.N.C. Dec. 23, 2019) ....................6, 13

*Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2017 WL 416425 (N.D. Ga. Jan. 30, 2017) ....................9

*Martin v. Dun & Bradstreet, Inc.*, No. 1:12-CV-215, 2014 WL 9913504 (N.D. Ill. Jan. 16, 2014) ....................22

*Parmelee v. Santander Consumer USA Holdings Inc.*, No. 3:16-CV-00783-K, 2019 WL 2352837 (N.D. Tex. June 3, 2019) ....................4, 13

*Prater v. Medicredit, Inc.*, No. 4:14-CV-00159-ERW, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) ....................21

*Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611 (N.D. Tex. Dec. 11, 2003) ....................4, 20

*Ressler v. Jacobson*, 149 F.R.D. 651 (M.D. Fla. 1992) ....................16

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ....................20, 21

*Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ....................9

*Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-CV-11532, 2019 WL 6039921 (E.D. Mich. Nov. 14, 2019) ....................6, 13

*Sheppard v. Consol. Edison Co. of N.Y., Inc.*, No. 94-CV-0403, 2002 WL 2003206 (E.D.N.Y. Aug. 1, 2002) ....................20

*Simpson v. Citizens Bank*, No. 2:12-CV-10267, 2014 WL 12738263 (E.D. Mich. Jan. 31, 2014) ....................16

*Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358 (S.D. Tex. Jan. 23, 2015) ....................12

*UFCW Local 880—Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, 352 F. App'x 232 (10th Cir. 2009) ....................20

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012) ....................3

*Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849 (10th Cir. 1993) ....................8

*Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639 (W.D. Tex. Aug. 20, 2018) ....................20

*Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ....................9

**Statutes** **Page(s)**

47 U.S.C. § 227....................1

**Rules** **Page(s)**

Fed. R. Civ. P. 23(h) ....................1, 2

Fed. R. Civ. P. 54(d)(2)....................1

N.D. Tex. Civ. R. 7.1 ....................22

## Introduction

Plaintiff Joseph Bond ("Plaintiff"), individually and on behalf of the Settlement Class, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2), for an award of attorneys' fees in the amount of $283,333.33, representing one-third of the $850,000 non-reversionary common fund established through the class action settlement with Defendants Folsom Insurance Agency LLC and Cody Folsom ("Defendants"), reimbursement of $19,779.52 in litigation costs and expenses, and a $7,500 service award to Plaintiff. These amounts are reasonable in light of the substantial monetary recovery obtained for the Settlement Class, the significant work undertaken by Class Counsel, and the risks associated with continued litigation.

This litigation arises from Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through the placement of calls and delivery of voicemails using an artificial or prerecorded voice without the requisite consent. Class Counsel prosecuted this action on a contingent basis, undertaking substantial investigation, written discovery, contested discovery proceedings, and expert analysis of Defendants' calling records. Indeed, Class Counsel successfully compelled the production of unredacted calling records necessary to evaluate the scope of Defendants' conduct and establish the composition of the Settlement Class. Through the analysis of those records, Plaintiff's expert identified 41,719 unique telephone numbers that fall within the Settlement Class.

Following mediation in December 2025 and continued arm's-length negotiations, the parties reached a settlement establishing an $850,000 non-reversionary common fund. The Settlement provides monetary compensation to Settlement Class Members who submit approved claims, with the remaining funds distributed in accordance with the Settlement Agreement (ECF No. 55-1) rather than reverting to Defendants. On September 15, 2026, this Court preliminarily

approved the Settlement, certified the Settlement Class for settlement purposes, and appointed Anthony I. Paronich of Paronich Law, P.C. and Andrew Roman Perrong of Perrong Law LLC as Class Counsel. ECF No. 66. In doing so, the Court expressly considered Class Counsel's investigation, experience in TCPA class actions, knowledge of the applicable law, and resources committed to representing the Settlement Class. *Id.*

The requested attorneys' fees represent one-third of the common fund, an award consistent with the percentage of the fund method expressly contemplated by the Settlement Agreement and routinely employed in common fund class action settlements. The requested reimbursement of $19,779.52 reflects litigation costs and expenses incurred in prosecuting this action, including the expenses associated with obtaining and analyzing Defendants' calling records. The requested $7,500 service award recognizes Plaintiff's efforts in pursuing this litigation on behalf of the Settlement Class.

The requested fee and expense amounts do not exceed the maximums disclosed to the Settlement Class. The notice advised Settlement Class Members that Class Counsel would seek attorneys' fees "not to exceed one-third of the settlement fund" and litigation costs and expenses "not to exceed $35,000." ECF No. 55-1 at 22, 26; *see* ECF No. 66. Consistent with Rule 23(h)(1), this motion is filed before the deadline for Settlement Class Members to object, *see* Settlement Agreement § 13.1, and will be posted on the settlement website, *id.* § 9.2, so that Settlement Class Members may review it before deciding whether to object.

For the reasons set forth below, Plaintiff respectfully requests that the Court approve attorneys' fees of $283,333.33, reimbursement of litigation costs and expenses of $19,779.52, and a service award of $7,500, all to be paid from the Settlement Fund.

## Argument

**Class Counsel's Request for Attorneys' Fees Is Reasonable Under the Percentage of the Fund Method.**

The Supreme Court has recognized that attorneys who recover a common fund for the benefit of a class may receive reasonable attorneys' fees from that fund. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Consistent with this principle, the Fifth Circuit expressly permits district courts to calculate attorneys' fees in common fund class actions using the percentage of the fund method. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642-44 (5th Cir. 2012).

Under this approach, Class Counsel's compensation is determined as a reasonable percentage of the monetary benefit secured for the class. *Id.* Courts throughout the Fifth Circuit have recognized the advantages of the percentage method in common fund cases. *See id.*; *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 746 (S.D. Tex. 2008) (recognizing the propriety of percentage-based awards); *Di Giacomo v. Plains All Am. Pipeline*, No. CIV.A.H-99-4137, 2001 WL 34633373, at *5-7 (S.D. Tex. Dec. 19, 2001) (discussing the advantages of the percentage method and collecting decisions applying it). Unlike the lodestar method, which focuses primarily on the hours expended and the rates charged, the percentage method measures counsel's compensation against the actual recovery obtained for the class. It therefore appropriately rewards counsel for obtaining meaningful results while aligning counsel's financial interests with those of the persons represented.

In applying the percentage method, district courts may establish a benchmark percentage and then assess its reasonableness through consideration of the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See Union Asset Mgmt.*, 669 F.3d at 643 n.25. As

demonstrated below, both the customary percentage awarded in comparable cases and the relevant *Johnson* factors support the requested award.

**A. A Benchmark Attorneys' Fee Award of One-Third of the Common Fund Is Appropriate.**

Courts within the Fifth Circuit have repeatedly recognized that an award of one-third of a common fund is reasonable and consistent with awards in comparable class action settlements. Historically, percentage-based fee awards in common fund cases in this District have commonly fallen between 25% and 33% of the recovery. *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2014 WL 7332551, at *6 (N.D. Tex. Nov. 12, 2014), *report and recommendation adopted as modified*, 2014 WL 7336889 (N.D. Tex. Dec. 24, 2014) (awarding 33.33% of the common fund); *Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611, at *9 (N.D. Tex. Dec. 11, 2003). And although some common fund awards fall between 20% and 30%, courts within the Fifth Circuit have regularly approved awards approximating one-third of the settlement fund. *In re Harrah's Entm't, Inc.*, No. CIV. A. 95-3925, 1998 WL 832574, at *4 (E.D. La. Nov. 25, 1998).

Indeed, courts have described one-third as an oft-awarded percentage in common fund settlements within this Circuit. See *Al's Pals Pet Care v. Woodforest Nat'l Bank, N.A.*, No. 4:17-CV-3852, 2019 WL 387409, at *4 (S.D. Tex. Jan. 30, 2019); *Burford v. Cargill, Inc.*, No. 05-0283, 2012 WL 5471985, at *5 (W.D. La. Nov. 8, 2012) (finding that analogous precedent supported a one-third award). Of particular significance, courts in the Northern District of Texas have approved one-third common fund fee awards in substantial class action settlements. In *Parmelee v. Santander Consumer USA Holdings Inc.*, No. 3:16-CV-00783-K, 2019 WL 2352837, at *1 (N.D. Tex. June 3, 2019), the Court awarded attorneys' fees equal to one-third of the common fund. Similarly, in *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-1152-

M, 2018 WL 1942227, at *12-13 (N.D. Tex. Apr. 25, 2018), the Court approved an award equal to one-third of the settlement fund.

Other district courts within the Fifth Circuit have reached the same conclusion. *See, e.g.*, *In re EZCORP, Inc. Sec. Litig.*, No. 1:15-CV-00608-SS, 2019 WL 6649017, at *2 (W.D. Tex. Dec. 6, 2019) (awarding one-third of a $4.875 million common fund); *Hill v. Hill Bros. Constr. Co., Inc.*, No. 3:14-CV-213-SA-RP, 2018 WL 280537, at *3 (N.D. Miss. Jan. 3, 2018) (awarding one-third of an $850,000 common fund); *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 307 (S.D. Miss. 2014) (approving a one-third award); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1139-40 (W.D. La. 1997) (approving a fee reserve of 36% of the settlement fund). These decisions establish that a one-third award is well within the range of percentages courts in this Circuit have found reasonable. They also demonstrate that such an award is appropriate across a variety of class action claims and settlement amounts, including settlements comparable in size to the $850,000 common fund established here.

The same conclusion follows when considering settlements involving claims under the TCPA specifically. Courts within the Fifth Circuit have approved one-third or greater fee awards in TCPA class actions. For example, in *Fairway Medical Center, L.L.C. v. McGowan Enterprises, Inc.*, No. CV 16-3782, 2018 WL 1479222, at *1 (E.D. La. Mar. 27, 2018), the Court awarded attorneys' fees equal to one-third of a $3,250,000 common fund. Likewise, in *Jefferson Radiation Oncology, L.L.C. v. Advanced Care Scripts, Inc.*, No. CV 15-1399, 2016 WL 9446129, at *2 (E.D. La. Dec. 6, 2016), the Court awarded $3,052,500 in attorneys' fees, representing approximately one-third of a $9,250,000 common fund. And in *Accounting Outsourcing, L.L.C. v. Verizon Wireless Personal Communications, L.P.*, No. CIV. A. 03-CV-

161, 2007 WL 7087615, at *2 (M.D. La. Aug. 2, 2007), the court approved attorneys' fees of $2,314,328, representing approximately 36.5% of the common fund.

Courts outside the Fifth Circuit have similarly approved one-third fee awards in TCPA settlements. See, e.g., *Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-CV-25-RSB-CLR, 2025 WL 502089, at *3 (S.D. Ga. Feb. 13, 2025) (awarding one-third of the settlement fund); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2019 WL 7066834, at *7 (M.D.N.C. Dec. 23, 2019) (awarding one-third of the common fund); *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-CV-11532, 2019 WL 6039921, at *4 (E.D. Mich. Nov. 14, 2019) (awarding one-third of the common fund); *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 1:18-CV-20048-DPG, 2019 WL 2249941, at *6 (S.D. Fla. May 24, 2019) (awarding one-third of the common fund); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding 36% of the common fund).

Here, Class Counsel seek an award of $283,333.33, representing precisely one-third of the $850,000 non-reversionary common fund. The requested percentage is consistent with awards approved in the Northern District of Texas, throughout the Fifth Circuit, and in comparable TCPA class action settlements nationwide. Importantly, the Settlement Fund represents an actual monetary recovery for the benefit of 41,719 telephone numbers identified through expert analysis of Defendants' calling records. Class Counsel obtained this recovery following substantial litigation, including contested discovery and expert analysis necessary to identify the scope of the Settlement Class, and in the face of an eroding liability policy. The resulting settlement provides eligible class members with an opportunity to obtain monetary compensation without bearing the expense, delay, and uncertainty of further litigation.

The requested fee also reflects the contingent nature of Class Counsel's representation. Class Counsel undertook this litigation without any guarantee of payment, committing substantial attorney time and litigation resources while assuming the risk that the action might not produce any recovery. That risk is particularly significant in class litigation involving disputed liability, contested class certification, and potential limitations on the defendants' ability to satisfy a judgment.

Accordingly, the requested one-third fee award is consistent with established common fund precedent and the substantial benefit secured for the Settlement Class. As discussed below, consideration of the applicable *Johnson* factors further confirms that the requested award of $283,333.33 is reasonable and justified.

### B. The *Johnson* Factors Support an Award of Attorneys' Fees in the Amount of One-Third of the Common Fund.

The reasonableness of Class Counsel's requested fee award is further confirmed by consideration of the factors identified in *Johnson*, 488 F.2d at 717-19. These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.*

Although the *Johnson* factors provide an important framework for evaluating the reasonableness of a fee award, not every factor must be separately analyzed where it is inapplicable to the circumstances of a common fund settlement. *In re Combustion, Inc.*, 968 F. Supp. 1116, 1135 (W.D. La. 1997). This is particularly true in common fund cases, where some

of the factors are less relevant to the determination of a reasonable percentage-based award. *Jones*, 2014 WL 7332551, at *8; *see also In re Harrah's Entm't, Inc.*, No. CIV. A. 95-3925, 1998 WL 832574, at *4 (E.D. La. Nov. 25, 1998) (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993)). Here, consideration of the relevant factors strongly supports Class Counsel's requested award. The remaining factors (time limitations imposed by the client or circumstances, and the nature and length of the professional relationship with the client) are not relevant in this common fund case. *See Jones*, 2014 WL 7336889, at *2.

**1. Class Counsel Obtained an Excellent Result for the Settlement Class.**

The results obtained are among the most important considerations in evaluating the reasonableness of an attorneys' fee award. See *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001). Here, Class Counsel obtained an excellent result. The Settlement establishes an $850,000 non-reversionary common fund for the benefit of a nationwide Settlement Class encompassing 41,719 unique telephone numbers. *See* Settlement Agreement §§ 4.2, 11.1. The recovery is particularly significant because the Settlement Class was identified through expert analysis of Defendants' actual calling records. Plaintiff retained Aaron Woolfson to analyze those records and identify telephone numbers that received the prerecorded messages at issue. That analysis identified 41,719 unique telephone numbers, permitting the parties to define the Settlement Class and provide notice to potential class members. ECF Nos. 65-1, 66. And that recovery approaches the $1,000,000 limit of Defendants' only applicable insurance policy, a policy that was eroding as litigation continued. ECF No. 55 at 18.

The Court has already recognized that the principal available source of recovery is a single eroding liability insurance policy that would be further depleted by continued litigation. ECF No. 66 at 5. Thus, even assuming Plaintiff could ultimately prevail on the merits and obtain

class certification, additional litigation would risk diminishing the funds available to compensate Class Members. The Settlement avoids that risk by securing a substantial, defined monetary recovery now. This consideration is especially significant given the modest value of individual TCPA claims relative to the expense of pursuing them. Courts have recognized that meaningful cash recoveries in TCPA class settlements constitute excellent results when viewed against the practical obstacles class members would face in pursuing individual litigation. See *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (finding a $24 per-claimant recovery in a TCPA settlement to be an excellent result given the litigation risks). Comparable TCPA settlements have provided similar individual recoveries. *See, e.g.*, *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (approximately $20 to $40 per claimant); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493-94 (N.D. Ill. 2015) (approximately $30 per claimant); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) (approximately $33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant).

Although the ultimate per-claimant recovery will depend on the number of approved claims and the Court-approved deductions from the Settlement Fund, the anticipated recovery is substantial. Assuming a 10% claims rate, approximately 4,172 Settlement Class Members would submit approved claims. After deducting the requested attorneys' fees of $283,333.33, litigation expenses of $19,779.52, the $7,500 service award, and estimated settlement administration costs of $77,589, approximately $461,798.15 would remain available for distribution, resulting in an estimated payment of $110 per approved claimant. This recovery compares favorably to the individual payments approved in numerous TCPA class action settlements discussed above.

**2. The Time and Labor Required to Resolve This Matter Were Significant.**

Class Counsel devoted substantial time and resources to investigating, prosecuting, and resolving this action. The litigation required discovery concerning Defendants' prerecorded calling practices, contested motion practice, expert analysis, mediation, settlement negotiations, and proceedings necessary to obtain preliminary approval.

Indeed, Class Counsel were required to seek judicial intervention to obtain essential discovery. On May 19, 2025, Plaintiff moved to compel production of unredacted calling records necessary for expert analysis. ECF No. 43. Following full briefing, including Plaintiff's reply, ECF No. 45, the Court granted the motion on July 11, 2025. ECF No. 46. The Court expressly found that the unredacted records were relevant to Plaintiff's claims and the class certification inquiry and ordered their production.

This discovery was critical to the prosecution and resolution of the action. Without the unredacted calling records, Class Counsel and their expert could not have undertaken the same analysis identifying the affected telephone numbers and defining the Settlement Class. The work required to obtain and analyze those records therefore directly contributed to the settlement benefit. Indeed, it was with that work that the Plaintiff was able to prepare an expert report.

Class Counsel also participated in mediation in December 2025, continued settlement negotiations thereafter, negotiated the Settlement Agreement, and prepared the materials necessary to obtain preliminary approval. After the Court determined that it needed additional evidence and set an in-person hearing, ECF Nos. 61, 62, Class Counsel appeared at the July 21, 2026 hearing and submitted supplemental evidence, including Mr. Woolfson's expert report and Defendants' insurance policy, in support of preliminary approval. ECF No. 65. On September 15, 2026, the Court entered its order preliminarily approving the Settlement. ECF No. 66.

The substantial litigation activity reflected in the record independently establishes that Class Counsel devoted considerable time and labor to achieving the result obtained. This factor therefore supports the requested award.

### 3. The Questions Presented Were Difficult and Required Substantial Litigation Effort.

Class action litigation is inherently complex, and courts have recognized a strong public interest in encouraging the resolution of such cases through settlement. See *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) (recognizing the public interest favoring settlement of complex class actions); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (recognizing that class actions are difficult and unpredictable and that settlement conserves judicial resources). This litigation presented significant factual and legal questions concerning Defendants' alleged use of prerecorded messages, the existence and scope of any consent, the identification of telephone numbers, and whether Plaintiff could establish the requirements for certification. The discovery disputes further illustrate the complexity of the litigation.

Moreover, even if Plaintiff successfully established liability, continued litigation would have presented substantial questions concerning the size and composition of a certified class, the amount of recoverable damages, and the ability to collect any resulting judgment, particularly in light of the eroding liability insurance policy identified by the Court. ECF No. 66 at 5. By resolving these questions through a negotiated classwide settlement, Class Counsel obtained a meaningful recovery while avoiding the uncertainty and expense of further proceedings. This factor favors approval of the requested fees.

### 4. Class Counsel Relied on Particular Skill and Experience in Performing the Required Legal Services.

The prosecution of a TCPA class action requires specialized knowledge of the statute, the technological evidence underlying telephone calling practices, the requirements of Rule 23, and the procedural mechanisms necessary to obtain and analyze classwide calling records. Class Counsel possess substantial experience prosecuting TCPA class actions and were able to apply that experience in obtaining the discovery necessary to identify the Settlement Class and negotiate a substantial recovery. Indeed, in appointing Anthony I. Paronich of Paronich Law, P.C. and Andrew Roman Perrong of Perrong Law LLC as Class Counsel, the Court expressly considered their investigation of the claims, experience handling class actions and TCPA matters, knowledge of the applicable law, and resources committed to representing the Settlement Class. ECF No. 66 at 3; *see also* ECF Nos. 55-2, 55-3. Class Counsel's experience was particularly important in overcoming the discovery obstacles presented in this case and obtaining the calling records necessary for expert analysis. Their work ultimately resulted in a settlement providing meaningful monetary relief to a nationwide class.

This factor supports the requested award.

### 5. Acceptance of This Matter Required Class Counsel to Commit Substantial Resources and Precluded Other Employment.

The prosecution of this action required Class Counsel to devote significant attorney time and litigation resources to discovery, contested motion practice, expert analysis, and settlement negotiations. Courts recognize that the substantial commitment of attorney time to class litigation can limit counsel's ability to undertake other matters and therefore support a reasonable percentage-based fee. *See Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358, at *21 (S.D. Tex. Jan. 23, 2015) (recognizing that accepting class litigation limited

counsel's ability to work on other cases). Here, Class Counsel undertook substantial discovery, successfully litigated a contested motion to compel, retained an expert to analyze Defendants' calling records, participated in mediation, and negotiated a settlement benefiting a nationwide class. These efforts required a significant commitment of professional resources. The substantial commitment of resources to this matter supports the reasonableness of the requested award.

**6. One-Third of the Common Fund Is a Customary Fee in Comparable TCPA Class Actions.**

As discussed above, numerous courts have approved attorneys' fees equal to one-third of the common fund in TCPA class action settlements. *See, e.g.*, *Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-CV-25-RSB-CLR, 2025 WL 502089, at *3 (S.D. Ga. Feb. 13, 2025); *Hanley v. Tampa Bay Sports & Entm't LLC*, No. 8:19-CV-550, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020); *Krakauer*, 2019 WL 7066834, at *7; *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-CV-11532, 2019 WL 6039921, at *4 (E.D. Mich. Nov. 14, 2019); *Charvat v. Valente*, No. 12-CV-05746, 2019 WL 5576932, at *11 (N.D. Ill. Oct. 28, 2019); *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 1:18-CV-20048-DPG, 2019 WL 2249941, at *6 (S.D. Fla. May 24, 2019).

Courts within the Fifth Circuit have likewise approved one-third or greater fee awards in TCPA cases. See *Fairway Med. Ctr., L.L.C. v. McGowan Enters., Inc.*, No. CV 16-3782, 2018 WL 1479222, at *1 (E.D. La. Mar. 27, 2018); *Jefferson Radiation*, 2016 WL 9446129, at *2; *Accounting Outsourcing*, 2007 WL 7087615, at *2. Courts in the Northern District of Texas have similarly approved one-third awards in common fund class actions. *See Parmelee*, 2019 WL 2352837, at *1; *Halliburton*, 2018 WL 1942227, at *12-13. Thus, the requested award falls comfortably within the range of customary fees in comparable class action settlements.

**7. Class Counsel Litigated This Matter on a Contingent Basis.**

Class Counsel prosecuted this action on a contingent basis, without any guarantee of compensation. Had Plaintiff failed to establish liability, obtain class certification, or secure a settlement, Class Counsel risked receiving no compensation for their efforts. Courts have repeatedly recognized that the contingent nature of representation is an important factor in determining a reasonable fee award. *See Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 813 (W.D. Tex. 2006) (recognizing that counsel should be compensated for the risk undertaken in contingent litigation and the delay in receiving compensation); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (recognizing that contingent representation may justify enhanced compensation because class counsel assume substantial risks of nonpayment). This risk was substantial given Defendants' denial of liability, their objections to classwide discovery, and their position that a litigation class could not properly be certified. *See* ECF Nos. 43, 46; Settlement Agreement §§ 1.4, 4.5.

The risk was further compounded by the possibility that continued litigation would erode the liability insurance proceeds available to satisfy any judgment. As the Court recognized, the principal available source of recovery was a single eroding liability policy. ECF No. 66 at 5. Class Counsel nevertheless undertook the representation, advanced the litigation through discovery, retained an expert, and negotiated a substantial settlement for the benefit of the Class. A reasonable percentage-based fee compensates counsel for assuming those risks while encouraging the prosecution of meritorious claims that individual class members may lack the resources or incentive to pursue. This factor weighs strongly in favor of the requested award.

**8. The Amount Involved and Results Obtained Support the Requested Award.**

The Settlement establishes an $850,000 non-reversionary common fund for the benefit of 41,719 telephone numbers. Importantly, Class Counsel secured the available insurance proceeds for the benefit of the Settlement Class, rather than risking further depletion of those funds through continued litigation. As this Court expressly recognized in preliminarily approving the Settlement, “the principal available source of recovery is a single eroding liability policy that would be further depleted by individual actions.” ECF No. 66 at 5. Thus, the Settlement represents an especially substantial recovery because it preserves the available insurance proceeds for classwide compensation rather than allowing those funds to be consumed by additional litigation expenses. This result is particularly significant considering the risks of contested class certification, disputed liability, and the uncertainty associated with obtaining and collecting a judgment. The parties’ agreement followed significant discovery and expert analysis, permitting them to negotiate with an informed understanding of the potential Settlement Class and the alleged conduct at issue. The requested $283,333.33 fee represents one-third of the monetary benefit obtained, consistent with awards approved in comparable class actions. The remaining funds, after deductions approved by the Court, will be distributed pursuant to the Settlement Agreement, without reverting to Defendants. Accordingly, the amount involved and, particularly, Class Counsel’s success in securing the available insurance proceeds before further erosion, strongly support the requested award.

**9. The Experience, Reputation, and Ability of Class Counsel Support the Requested Award.**

Anthony I. Paronich and Andrew Roman Perrong have substantial experience representing plaintiffs in TCPA litigation and class actions. Their qualifications were submitted to the Court through their declarations in support of preliminary approval. ECF Nos. 55-2, 55-3.

In appointing them as Class Counsel, the Court expressly considered their experience, knowledge of the applicable law, investigation of the claims, and resources committed to the Settlement Class. ECF No. 66 at 3. As discussed above, that experience was instrumental in obtaining the calling records and the resulting recovery.

This factor therefore supports the requested award.

**10. The Risks and Undesirability of the Litigation Further Support the Requested Award.**

Class Counsel's requested fee award is further supported by the substantial risks inherent in prosecuting this action on a contingent basis. Courts have repeatedly recognized that the possibility of receiving no compensation despite substantial expenditures of time and resources is an important consideration in determining a reasonable attorneys' fee award. See *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2008 WL 11234103, at *3 (N.D. Ga. Mar. 4, 2008) (recognizing the importance of contingent-fee risk in determining a reasonable award); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) (same).

These risks are particularly significant in complex class litigation, where counsel must invest substantial time and money without any assurance of compensation. See *Simpson v. Citizens Bank*, No. 2:12-CV-10267, 2014 WL 12738263, at *7 (E.D. Mich. Jan. 31, 2014) (recognizing the substantial risk of nonpayment or underpayment assumed by counsel prosecuting complex class litigation on a contingent basis). Indeed, courts have recognized that the financial burdens imposed by contingent class litigation weigh in favor of a substantial percentage-based award. See *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1256 (D.N.M. 2012); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1215 (S.D. Fla. 2006) (recognizing that the completely contingent nature of representation weighed heavily

in favor of a percentage-based fee award); *Been v. O.K. Indus., Inc.*, No. CIV-02-285-RAW, 2011 WL 4478766, at *9 (E.D. Okla. Aug. 16, 2011) (recognizing that larger fees may be appropriate where compensation depends entirely on counsel's success).

Those considerations apply with particular force here. Class Counsel prosecuted this action without any guarantee of compensation, notwithstanding substantial obstacles to establishing classwide liability and obtaining a collectible judgment. Defendants denied wrongdoing, opposed the production of discovery necessary to identify the Settlement Class, and disputed the propriety of class certification outside the settlement context. Class Counsel nevertheless successfully compelled production of Defendants' unredacted calling records, retained an expert to analyze those records, and ultimately identified 41,719 telephone numbers within the Settlement Class.

Moreover, the risks extended beyond the merits of Plaintiff's claims. As this Court expressly recognized, the principal available source of recovery was a single eroding liability insurance policy. ECF No. 66 at 5. Thus, even a favorable ruling on class certification or liability would not have guaranteed a greater recovery for Settlement Class Members. To the contrary, continued litigation threatened to diminish the insurance proceeds available to satisfy any eventual judgment. Class Counsel faced the very real possibility of investing substantially more time and resources in litigation without improving—and potentially reducing—the amount ultimately available for classwide compensation.

Notwithstanding these substantial risks, Class Counsel prosecuted this action and secured an $850,000 non-reversionary common fund for the benefit of the Settlement Class, thereby avoiding further depletion of the available insurance proceeds. The risks assumed by Class Counsel, the contingent nature of their representation, and the substantial uncertainty associated

with continued litigation strongly support the requested award of attorneys' fees equal to one-third of the common fund.

**C. Class Counsel's Request for Reimbursement of Litigation Costs and Expenses in the Amount of $19,779.52 Is Reasonable and Justified.**

Class Counsel also respectfully request reimbursement of $19,779.52 in litigation costs and expenses incurred in prosecuting this action for the benefit of the Settlement Class. The requested reimbursement is reasonable, reflects the substantial expenses associated with prosecuting this TCPA class action, and is expressly contemplated by the Settlement Agreement. "An attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *City of Omaha Police & Fire Ret. Sys. v. LHC Grp.*, No. CIV. 6:12-1609, 2015 WL 965696, at *11 (W.D. La. Mar. 3, 2015). Reimbursable expenses include those reasonably and necessarily incurred in prosecuting the litigation, particularly expenses of the type ordinarily charged to paying clients. See *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (approving reimbursement of reasonable litigation expenses, including filing fees, travel expenses, document-related costs, and expert expenses).

Here, Class Counsel incurred substantial litigation expenses in investigating Plaintiff's claims, prosecuting contested discovery, and obtaining expert analysis necessary to identify the Settlement Class, as well as travel and anticipated travel. Particularly significant were the expenses associated with obtaining and analyzing Defendants' calling records. After Defendants declined to produce unredacted records, Plaintiff was required to file a motion to compel. ECF No. 43. On July 11, 2025, the Court granted that motion and ordered production of the unredacted broadcast reports so that Plaintiff could conduct expert analysis, including for purposes of class certification. ECF No. 46.

The resulting expert analysis was essential to achieving the Settlement. Aaron Woolfson analyzed Defendants' calling records and identified 41,719 unique telephone numbers falling within the Settlement Class. See ECF No. 65-1. That work provided an objective basis for defining the Settlement Class, identifying potential Settlement Class Members, and negotiating the $850,000 common fund. The expenses associated with that analysis were therefore directly related to the substantial benefit obtained for the Settlement Class. Furthermore, Plaintiff's counsel incurred mediation costs and other standard litigation costs. In total, Class Counsel incurred $19,779.52 in unreimbursed litigation expenses, including Mr. Woolfson's expert analysis, mediation fees, and travel, filing, service, and other customary litigation costs. *See* Paronich Decl.; Perrong Decl..

The requested reimbursement is also consistent with the parties' agreement. Section 16.2 of the Settlement Agreement expressly authorizes Class Counsel to seek reimbursement of reasonable litigation costs and expenses up to $35,000, subject to Court approval. Class Counsel seek only $19,779.52, an amount below the agreed maximum. These expenses were incurred in furtherance of the Settlement Class's interests and contributed to Class Counsel's ability to obtain meaningful classwide relief. Accordingly, Class Counsel respectfully request reimbursement of $19,779.52 in litigation costs and expenses from the Settlement Fund.

**D. Plaintiff's Request for a Service Award in the Amount of $7,500 Is Justified.**

Plaintiff Joseph Bond respectfully requests a service award of $7,500 in recognition of his willingness to serve as the representative of the Settlement Class and pursue this litigation for the benefit of 41,719 Settlement Class Members. The requested award is reasonable, consistent with awards approved in comparable class actions, and expressly contemplated by the Settlement Agreement.

Courts routinely recognize that named plaintiffs may be entitled to additional compensation for their efforts in representing absent class members. See *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (recognizing that courts commonly approve payments to class representatives beyond the amounts received by other class members); *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 305-06 (S.D. Miss. 2014) (recognizing that incentive awards compensate named plaintiffs for sacrifices made in pursuing litigation on behalf of the class); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (recognizing that incentive awards are typical in class actions).

Such awards recognize the important role that class representatives play in prosecuting claims that might otherwise go unaddressed. *Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611, at *7 (N.D. Tex. Dec. 11, 2003); *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *15 (W.D. Tex. Aug. 20, 2018) (citing cases for the proposition that "[f]ederal courts have repeatedly approved incentive awards in class action lawsuits to compensate plaintiffs for the services that they provide in the suit and the burdens that they shouldered during the litigation."). Courts have further recognized that such awards serve an important function in encouraging individuals to undertake the responsibilities of class representation. *Sheppard v. Consol. Edison Co. of N.Y., Inc.*, No. 94-CV-0403, 2002 WL 2003206, at *5 (E.D.N.Y. Aug. 1, 2002).

In determining whether a service award is appropriate, courts consider the actions taken by the named plaintiff to protect the interests of the class, the benefit obtained for class members, and the time and effort expended in pursuing the litigation. *In re Heartland Payment Sys.*, 851 F. Supp. 2d at 1089; *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). Courts also consider the personal risks and additional responsibilities assumed by the class representative. *UFCW Local*

*880—Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, 352 F. App'x 232, 235 (10th Cir. 2009); *Rodriguez*, 563 F.3d at 958.

Here, Plaintiff undertook the responsibility of serving as the named representative in a contested TCPA class action against Defendants Folsom Insurance Agency LLC and Cody Folsom. By pursuing his claims on behalf of similarly situated individuals, Plaintiff enabled Class Counsel to investigate Defendants' calling practices, obtain the discovery necessary to identify affected consumers, and negotiate a settlement providing substantial monetary relief to the Settlement Class. Throughout the case, Mr. Bond stayed informed about the litigation, communicated regularly with Class Counsel, and made the decisions required of him in the best interests of the Settlement Class. ECF No. 55 at 21.

The resulting Settlement establishes an $850,000 non-reversionary common fund for the benefit of 41,719 Settlement Class Members. Importantly, the Settlement also secures the available insurance proceeds before they could be further depleted through continued litigation, a consideration expressly recognized by this Court in granting preliminary approval. ECF No. 66 at 5. Plaintiff's willingness to pursue this action as a class representative thus contributed to obtaining a meaningful recovery for thousands of individuals who otherwise might not have pursued their claims independently.

Moreover, the requested $7,500 service award is modest compared with awards approved in other TCPA class actions. See, e.g., *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130-PJK-GBW, 2015 WL 5704016, at *2 (D.N.M. Sept. 23, 2015) (approving a $20,000 incentive award); *Prater v. Medicredit, Inc.*, No. 4:14-CV-00159-ERW, 2015 WL 8331602, at *3 (E.D. Mo. Dec. 7, 2015) (approving a $20,000 incentive award); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015) (approving a $25,000

service award); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12-CV-215, 2014 WL 9913504, at *3 (N.D. Ill. Jan. 16, 2014) (approving a $20,000 service award).

The Settlement Agreement expressly contemplates Plaintiff's application for a service award, subject to this Court's approval. Settlement Agreement § 11.4(F). The requested $7,500 award represents less than one percent of the $850,000 Settlement Fund and is reasonable in light of the substantial recovery obtained for the Settlement Class.

Accordingly, Plaintiff respectfully requests that the Court approve a service award of $7,500, to be paid from the Settlement Fund.

**Conclusion**

For the foregoing reasons, Plaintiff Joseph Bond, individually and on behalf of the Settlement Class, respectfully requests that the Court grant this Motion and approve (1) an award of attorneys' fees to Class Counsel in the amount of $283,333.33, representing one-third of the $850,000 non-reversionary Settlement Fund; (2) reimbursement of reasonable litigation costs and expenses in the amount of $19,779.52; and (3) a service award to Plaintiff Joseph Bond in the amount of $7,500, all to be paid from the Settlement Fund.

A proposed order granting this motion is submitted herewith.

**Certificate of Conference**

Pursuant to Local Civil Rule 7.1(a)-(b), counsel for Plaintiff conferred with counsel for Defendants regarding the relief requested in this motion. Defendants do not oppose the relief requested.

RESPECTFULLY SUBMITTED AND DATED this October 26, 2026.

*<u>/s/ Andrew Roman Perrong</u>*
Andrew Roman Perrong, Esq.
PA SBN 333687
Perrong Law LLC

2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
MA SBN 678437
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and* Class Counsel for the Settlement Class

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the court's electronic filing system.

*/s/ Anthony Paronich*
Anthony Paronich