**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. 3:24-CV-02551-BN |
| Plaintiff, | : | |
| v. | : | |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM | : | |
| Defendants. | : | |

**DECLARATION OF ANTHONY I. PARONICH IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES, AND SERVICE AWARD**

I, Anthony I. Paronich, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over eighteen years of age and competent to make this declaration. I am the founder and principal of Paronich Law, P.C. Together with Andrew Roman Perrong of Perrong Law LLC, I was appointed Class Counsel by this Court's order preliminarily approving the class action settlement in this matter. ECF No. 66. I submit this declaration in support of Plaintiff's Motion for an Award of Attorneys' Fees, Costs, Litigation Expenses, and Service Award. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

**My Qualifications**

2. I am a 2010 graduate of Suffolk University Law School and was admitted to the Massachusetts bar in 2010. I have since been admitted to practice before, among other courts, the United States District Courts for the District of Massachusetts, the Northern District of Illinois, the Eastern District of Michigan, the Western District of Wisconsin, and the Southern District of

Indiana, and before the United States Courts of Appeals for the First, Seventh, and Ninth Circuits. I am admitted to practice before this Court. From time to time, I have appeared in other state and federal courts pro hac vice. I am in good standing in every court to which I am admitted.

3. From 2010 through 2016, I was an associate at Broderick Law, P.C. in Boston, Massachusetts. From 2016 through 2019, I was a partner at Broderick & Paronich, P.C. In 2019, I founded Paronich Law, P.C., a firm focused on protecting consumers in class action litigation. Since then, my practice has focused almost exclusively on consumer class actions under the Telephone Consumer Protection Act ("TCPA").

4. I have been appointed class counsel in more than 65 TCPA cases, including the following:

i. *Desai and Charvat v. ADT Security Services, Inc.*, USDC, N.D. Ill., 11-CV-1925, a TCPA class settlement of $15,000,000 granted final approval on June 21, 2013.

ii. *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, USDC, D. Md., 13-cv-00662, a TCPA class settlement of $8,500,000 granted final approval on April 15, 2015.

iii. *Charvat v. AEP Energy, Inc.*, USDC, N.D. Ill., 1:14-cv-03121, a TCPA class settlement of $6,000,000 granted final approval on September 28, 2015.

iv. *Bull v. US Coachways, Inc.*, USDC, N.D. Ill., 1:14-cv-05789, a TCPA class settlement finally approved on November 11, 2016, with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against the defendant's insurance carrier.

v. *Smith v. State Farm Mut. Auto. Ins. Co., et al.*, USDC, N.D. Ill., 1:13-cv-02018, a TCPA class settlement of $7,000,000 granted final approval on December 8, 2016.

vi. *Mey v. Frontier Communications Corporation*, USDC, D. Conn., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

vii. *Heidarpour v. Central Payment Co.*, USDC, M.D. Ga., 15-cv-139, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

viii. *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.*, USDC, N.D. Ga., 1:15-CV-03562-AT, a TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

ix. *Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc.*, USDC, N.D. Cal., 3:16-cv-05486-JCS, a TCPA class settlement of $9,000,000 granted final approval on October 15, 2018.

x. *In re Monitronics International, Inc.*, USDC, N.D. W. Va., 1:13-md-02493-JPB-JES, a TCPA class settlement of $28,000,000 granted final approval on June 12, 2018.

xi. *Krakauer v. Dish Network, L.L.C.*, USDC, M.D.N.C., 1:14-CV-333. Following a contested class certification motion, this case went to trial in January 2017, returning a verdict of $20,446,400. On May 22, 2017, the Court trebled that amount after finding that Dish Network's violations were "willful or knowing," for a revised damages award of $61,339,200. The Fourth Circuit affirmed, *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019), and the Supreme Court denied certiorari, 140 S. Ct. 676 (2019).

xii. *Charvat v. Carnival Corporation & PLC, et al.*, USDC, N.D. Ill., 1:13-cv-00042, a TCPA class settlement of $12,500,000 granted final approval in April 2020.

xiii. *Loftus v. Sunrun, Inc.*, USDC, N.D. Cal., 3:19-cv-1608, a TCPA class settlement of $5,500,000 granted final approval on May 11, 2021.

xiv. *Perrong v. Orbit Energy & Power, LLC*, USDC, E.D. Pa., 2:21-cv-777, a TCPA class settlement of $6,000,000 granted final approval on June 21, 2022.

xv. *Vance, et al. v. DirecTV, LLC*, USDC, N.D. W. Va., 5:17-cv-179, a TCPA class settlement of $16,850,000 granted final approval on August 24, 2023.

xvi. *Berman v. Freedom Financial Network, LLC, et al.*, USDC, N.D. Cal., 18-cv-1060, a TCPA class settlement of $9,750,000 granted final approval on February 23, 2024.

xvii. *Murray v. Grocery Delivery E-Services USA, Inc.*, USDC, D. Mass., 19-cv-12608, a TCPA class settlement of $11,000,000 granted final approval on March 13, 2024.

xviii. *Williams v. Choice Health Insurance LLC*, USDC, M.D. Ala., 23-cv-292, a TCPA class settlement of $7,000,000 granted final approval on July 22, 2024.

xix. *Smith, et al. v. Assurance IQ, LLC*, Cir. Ct. Cook Cnty., Ill., 23-CH-09225, a TCPA class settlement of $21,875,000 granted final approval on September 3, 2024.

xx. *Mantha v. QuoteWizard.com, LLC*, USDC, D. Mass., 19-cv-12235, a TCPA class settlement of $19,000,000 granted final approval on September 29, 2025.

xxi. *Miller v. Zale Delaware, Inc.*, Fla. 13th Jud. Cir. Ct., 25-CA-4088, a TCPA class settlement of $7,548,300 granted final approval on November 23, 2025.

xxii. *Ryan v. Wilshire Law Firm, P.L.C.*, Fla. 11th Jud. Cir. Ct. (Miami-Dade Cnty.), 2025-022621-CA-01, a TCPA class settlement of $5,975,000 granted final approval on May 28, 2026.

**The Litigation**

5. Before filing suit, I investigated Mr. Bond's claims, including the prerecorded voicemail he received on his cellular telephone on January 8, 2024, which identified "Folsom Insurance" and solicited insurance services, and Defendants' use of the same prerecorded message to market to other consumers.

6. Plaintiff filed this action in the United States District Court for the Eastern District of Texas, and this matter was ultimately transferred to this Court. Defendants answered and denied liability.

7. Plaintiff served written discovery on Defendants seeking, among other things, the records of Defendants' prerecorded calling campaign. Defendants produced the broadcast reports only in redacted form, withholding the telephone numbers that were necessary for expert analysis and for identifying class members. Plaintiff moved to compel production of the unredacted records on May 19, 2025, ECF No. 43, and filed a reply, ECF No. 45. On July 11, 2025, the Court granted the motion and ordered production of the unredacted records. ECF No. 46.

8. Plaintiff then retained Aaron Woolfson, an expert in telecommunications data analysis, to analyze the unredacted records. Mr. Woolfson reviewed 163 files containing 232,941 call records reflecting calling activity between November 9, 2023 and January 22, 2024, of which 124,430 were tagged "Delivered," indicating a successful voice drop, and identified 41,719 unique cellular telephone numbers in that calling data. *See* ECF No. 55 at 5-6; ECF No. 65-1. That analysis defined the Settlement Class and supplied the class list used for direct notice.

9. On September 11, 2025, the parties reported that they had agreed to mediate with John Brookman, ECF No. 51, and the Court extended the status report deadline accordingly, ECF No. 52. The parties mediated in December 2025. The mediation did not immediately resolve the

case, and the parties reached a tentative settlement only after continued arm's-length negotiations following the mediation. Plaintiff filed a notice of settlement on December 22, 2025. ECF No. 53.

10. Class Counsel then negotiated and drafted the Settlement Agreement, the postcard and long-form notices, the claim form, and the proposed orders, and solicited and evaluated proposals from claims administrators before selecting Angeion Group. Mr. Bond executed the Settlement Agreement on February 26, 2026. ECF No. 55-1 at 20. As the Court directed, ECF No. 54, Plaintiff filed his unopposed motion for preliminary approval on March 2, 2026. ECF No. 55.

11. After the parties consented to proceed before the Magistrate Judge, ECF Nos. 59, 60, the Court determined that it needed additional evidence to make the preliminary findings Rule 23(e) requires and set an in-person hearing for July 21, 2026. ECF Nos. 61, 62. In consultation with me, Mr. Perrong prepared for and appeared at that hearing in Dallas, ordered the expedited transcript the Court required, submitted supplemental evidence (including Mr. Woolfson's expert report and Defendants' insurance policy), ECF No. 65, and prepared the parties' joint proposed order. On September 15, 2026, the Court entered its order preliminarily approving the Settlement. ECF No. 66.

12. Since preliminary approval, Class Counsel have delivered the class list to the Claims Administrator as Section 4.4 of the Settlement Agreement requires, worked with Angeion Group to implement the notice program and settlement website, and responded to inquiries from Settlement Class Members.

**The Settlement and the Risks of Continued Litigation**

13. The Settlement establishes an $850,000 non-reversionary common fund for a Settlement Class encompassing 41,719 telephone numbers. ECF No. 55-1 §§ 4.2, 11.1. Each Settlement Class Member who submits an approved claim will receive a *pro rata* share of the fund

after Court-approved deductions. *Id.* § 11.5. No portion of the fund will revert to Defendants. Any funds from uncashed checks will be redistributed to participating claimants if economically feasible and otherwise paid to the National Legal Aid and Defender Association, subject to the Court's approval. *Id.* §§ 11.8, 20.3-20.4.

14. Continued litigation carried substantial risk. Defendants denied liability, contended that they could reasonably rely on the business use of certain telephone numbers, asserted that they were TCPA compliant, and made clear that they would vigorously oppose class certification. *See* ECF No. 55 at 18; ECF No. 55-1 §§ 1.4, 4.5.

15. Collectability presented an even greater risk. Folsom Insurance Agency is a small insurance agency that employs few agents, and Defendants' only applicable insurance policy limits TCPA class action liability coverage to $1,000,000. ECF No. 55 at 18.

16. That policy is eroding, meaning that every dollar spent defending this case reduces the coverage available to pay any judgment. In my judgment, the $850,000 fund is very close to the maximum recovery realistically obtainable for the Settlement Class, and further litigation through class certification, summary judgment, trial, and appeal would likely have reduced, not increased, the funds available to the Class.

17. Based on my experience litigating and settling TCPA class actions, I believe the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class.

**Class Counsel's Fee Arrangement and Contingent Risk**

18. Class Counsel have prosecuted this action on a purely contingent basis. We have received no payment for our time, and we have advanced all litigation expenses without reimbursement. Had the case not resulted in a recovery for the Class, Class Counsel would have received nothing for our time and would not have recovered the expenses we advanced.

19. The Settlement Agreement provides that Class Counsel may petition for reasonable attorneys' fees calculated as a percentage of the common fund, and for reasonable litigation costs and expenses not to exceed $35,000, each subject to the Court's approval. ECF No. 55-1 §§ 11.4(D)-(E), 16.1-16.2. The Settlement is not conditioned on any award of fees or expenses, and it remains effective if the Court awards less than the amounts requested. *Id.* §§ 16.3-16.4.

20. Class Counsel's work in this action generally fell into the following categories: (a) pre-filing investigation and pleadings, (b) written discovery, discovery conferences, and the motion to compel, (c) retaining and working with Mr. Woolfson on the analysis of Defendants' calling records, (d) mediation and settlement negotiations, including a *Stowers* demand, (e) drafting the Settlement Agreement, notices, and claim form, (f) preliminary approval briefing, the July 21, 2026 hearing, and the supplemental submission, and (g) settlement administration and communications with Settlement Class Members.

**Litigation Costs and Expenses**

21. Class Counsel have incurred $19,779.52 in unreimbursed litigation expenses, which includes $14,325.00 in expenses incurred by Paronich Law and $5,454.52 in expenses incurred by Perrong Law.

22. These expenses were reasonable and necessary to prosecute this action, and they are of the type ordinarily billed to fee-paying clients. They do not include any firm overhead. Because Class Counsel incurred $19,779.52 in expenses, Class Counsel request reimbursement of $19,779.52, less than the $35,000 maximum disclosed to the Settlement Class.

**Mr. Bond's Service as Class Representative**

23. Mr. Bond has been an active and committed class representative. Among other things, he preserved and provided the voicemail and related call information, reviewed the

complaint and amended complaint before filing, responded to written discovery, stayed informed about the case and communicated regularly with Class Counsel; and reviewed and approved the Settlement Agreement, which he executed on February 26, 2026. ECF No. 55-1 at 20; *see* ECF No. 55 at 21. Mr. Bond was never promised a service award, and his support for the Settlement was not conditioned on one.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed on** Oct 26, 2026 **in the United States of America**

Anthony Paronich (Oct 26, 2026 09:31:12 EDT)

**Anthony I. Paronich**